■ GEORGE H. HURD et al., Appellants, v DAVID V. LIS, Respondent. — Appeal from a judgment of the County Court of Fulton County in favor of defendant, entered March 23, 1982, upon a verdict rendered at Trial Term (Best, J.). This controversy involves the terms of an easement which has its origins in a sale of land occurring in 1945. At that time common grantors conveyed a parcel of land to plaintiffs' predecessors in interest, together with an easement of a 17-foot-wide driveway running along the westerly length of the land conveyed and extending from the highway to the lands of the Hudson River Regulating District. A few weeks later, a conveyance was made of the land on the west side

of the 17-foot strip together with an easement to Edward and Irene Triebel who sold a portion of the parcel to plaintiffs' predecessors in interest by deed containing easement language like the original deed from the common grantors. Concededly, the common grantors retained the fee to the 17-foot strip which was subsequently conveyed to defendant's predecessors in interest. Upon his purchase of the strip, defendant began to make use of the strip, clearing it of brush, erecting a fence and mowing it, which precipitated the instant action for damages. The complaint alleges trespass on the part of defendant onto plaintiffs' exclusive right of way and also seeks a permanent injunction. Defendant answered and counterclaimed for damages alleging, *inter alia,* laches and a prescriptive easement. Prior to trial, plaintiffs moved for summary judgment and while the court in its decision found that plaintiffs had established their right of way to an exclusive easement and defendant's trespass, it further found that an issue of fact existed as to whether defendant had obtained a prescriptive easement and, thus, denied summary judgment. The action thereafter proceeded to trial and the court ultimately took the issue concerning the prescriptive easement from the jury and charged the jury that it was to determine whether the language of the original deed granting the easement was clear and unambiguous in creating a right of way exclusive to the adjoining landowners and to further determine the intent of the parties if they found that the language in the deed was not clear and unambiguous. On this appeal, plaintiffs raise two issues urging reversal. They contend that the intent of the original grantors should not have been submitted to the jury since the original deed was unambiguous and, secondly, that if such deed were found to be ambiguous the weight of the evidence sustains plaintiffs' contentions that they have an exclusive easement and defendant is trespassing. Whether the language of the deed is ambiguous is for the court to determine as a matter of law (*General Phoenix Corp. v Cabot,* 300 NY 87, 92; *Val-Kill Co. v Cities Serv. Oil Co.,* 278 App Div 164, 167, affd 303 NY 823). Consequently, in our view, it was error for the court to submit the issue of ambiguity to the jury. The pertinent portion of the deed reads as follows: "Together with a right of way over a strip of land seventeen (17) feet in width * * * to be used as a private driveway in common by the parties of the second part hereto [plaintiffs' predecessors], their heirs and assigns, and the present and future owners of the lands immediately west of said right of way, for the purpose of access from the Broadalbin-Northampton Highway to the lands of the Hudson River Regulating District; it being understood that the use of said right of way is to be confined exclusively to the present and future owners of the lands hereby conveyed and the present and future owners of the land immediately west of said right of way." From our reading of this language, it is our opinion that no ambiguity exists. Such, however, does not resolve the controversy, since the grantor retained the fee to the strip of land. As a general rule, the owner of the land has the right to use the land provided he does not unreasonably interfere with the rights of the owner of the easement (*Grafton v Moir,* 130 NY 465, 471). Exclusive easements are not generally favored by our courts (*Hoffman v Capitol Cablevision System,* 52 AD2d 313, 315, mot for lv to app den 40 NY2d 806) and an easement will be considered not exclusive unless the opposite intent unequivocally appears (*Jakobson v Chestnut Hill Props.,* 106 Misc 2d 918, 924). Here the deed is silent as to the effect of the easement on the fee. Finally, in our view, the use of the word "exclusively" as used in the deed makes it clear that the easement is to be used only by the property owners of the adjoining lands on the east and west of the right of way so as to exclude third persons but not the owner of the fee. Therefore, we conclude that the deed, as a matter of law, cannot be construed to exclude the grantors and fee

owner of the property. In light of our determination that the deed was unambiguous, it was improper for the jury to consider the intent of the original grantors and it is unnecessary to pass upon the other issue raised by defendant concerning the weight of the evidence. Accordingly, the judgment must be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.