GEORGE HURD et al., Respondents, v DAVID V. LIS, Appellant.

Third Department, March 12, 1987

## APPEARANCES OF COUNSEL

*Russo, Walsh & Walsh (Terrence M. Walsh* of counsel), for appellant.

*Robert J. Krzys* for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

█ This dispute involves the use of an easement by plaintiffs over a strip of land owned in fee by defendant.* The property

---

* [1] The single-copy record on appeal filed in this case contains a "Stipulation of Agreed Statement of Facts in Lieu of Transcript" which was signed by the attorneys on October 20, 1986. This statement shall not be considered as a "statement in lieu of stenographic transcript" (CPLR 5525 [d]), since such a statement would only be prepared where no transcript was

is located in Fulton County and lies between a public highway and a reservoir (lands of the Hudson River Regulating District [hereinafter the HRRD lands]). Plaintiffs own two lots, one on either side of defendant's land. The deeds to each transferred parcel contain language giving the transferee a right-of-way over a 17-foot-wide tract running from the highway to the HRRD lands. Plaintiffs took title to the parcel directly east of the 17-foot-wide strip in 1968 and another parcel on the strip's western boundary in 1971. Defendant purchased the 17-foot-wide strip between plaintiffs' two parcels in 1976.

Following a disagreement between the parties as to their respective legal rights in defendant's property, plaintiffs commenced an action in County Court in 1979 seeking damages for trespass and a permanent injunction against defendant. A trial was held resulting in judgment for defendant. On appeal, this court affirmed the judgment holding that, as a matter of law, plaintiffs' easement could not be construed so as to exclude defendant from using the property he owned in fee *(Hurd v Lis,* 92 AD2d 653).

In November 1982, plaintiffs commenced another action against defendant in Supreme Court. That action sought to enjoin defendant from blocking plaintiffs' access to the 17-foot-wide strip from their properties. Plaintiffs' motion for a preliminary injunction was denied. Defendant then moved to dismiss plaintiffs' complaint on the grounds of res judicata based upon this court's affirmance in *Hurd v Lis (supra).* Plaintiffs cross-moved to renew and reargue their prior motion for a preliminary injunction. Supreme Court granted defendant's motion dismissing the complaint. Plaintiffs did not take an appeal from that dismissal.

Thereafter, in 1984, defendant moved in County Court by order to show cause to hold plaintiffs in contempt for violation of a restraining order that was part of the prior judgment dismissing plaintiffs' complaint. Plaintiffs cross-moved seeking a declaration of their rights under their easement. Defendant's answering affidavit argued that principles of res judi-

taken and the litigants are trying to reconstruct the proceedings. Nor shall this statement be considered a "statement in lieu of record on appeal" (CPLR 5527) since defendant has filed a single-copy record on appeal which includes all pleadings and prior proceedings except the transcript. It appears that a transcript of the proceeding was made but the parties have simply agreed to omit it from the record because only issues of law are raised on defendant's appeal. Because only threshold legal issues are raised, the transcript of the proceeding is unnecessary *(see,* CPLR 5525 [b]).

cata barred the relief sought by plaintiffs in their cross motion. County Court denied defendant's motion and, after a hearing, found that defendant had unreasonably interfered with plaintiffs' easement to enter upon defendant's 17-foot-wide strip of land by erecting fences on either side of the strip. County Court ordered the fences removed. This appeal by defendant ensued.

Before reaching the issues raised herein, we must determine whether defendant's appeal is untimely. Two County Court orders are involved. The first order was entered September 16, 1985 and the second one entered January 27, 1986. Since no appeal was filed from the September 1985 order, plaintiffs argue that defendant cannot contest what was decided therein. Hence, plaintiffs insist this appeal should be dismissed as untimely. On the other hand, defendant maintains that only the January 1986 order can be considered a final order and that the earlier order was intermediate in nature and can be reviewed on appeal from the final order encompassing it. Accordingly, defendant insists that his notice of appeal filed in February 1986 was timely.

Critical to the resolution of this issue is a determination of whether County Court's January 1986 order (from which the notice of appeal was filed) is a final order. If it is such, then the prior order, signed and entered September 16, 1985, would be reviewable as a nonfinal order which necessarily affected the final order (see, CPLR 5501 [a] [1]).

Examination of the January 1986 order clearly evidences its finality. In the recitation prior to the decretal paragraphs of the order, County Court makes specific reference to the order signed and entered September 16, 1985, wherein it was requested that a hearing be held to determine the reasonableness of the erection and continued existence of two fences bordering the 17-foot-wide strip of land owned by defendant. The preamble of the January 1986 order further continues that, such a hearing having been held, it was then ordered, *inter alia,* that the fences be removed. The September 1985 order had expressly declined to determine or grant relief on the issue of the erection or continued existence of defendant's fences. Clearly, the January 1986 order was a final order since it disposed of all factual and legal issues raised in the case (see, *State of New York v Wolowitz,* 96 AD2d 47, 54-56). Since the order was a final order, the appeal from that order permits review of the prior nonfinal order under CPLR 5501 (a) (1).

■ Having concluded that defendant's appeal from the January 1986 order was timely, we now determine that County Court erred in failing to apply the doctrine of res judicata to deny plaintiffs the relief sought in their cross motion.

In the original County Court action commenced in 1979, plaintiffs alleged that defendant had trespassed on their exclusive right-of-way over the property by cleaning it of brush, erecting fencing and mowing it *(Hurd v Lis,* 92 AD2d 653, 654, *supra).* On the basis of the language in plaintiffs' deeds, this court, on appeal, found the word "exclusive" did not mean exclusive of defendant's reasonable use as owner of the property and affirmed County Court's judgment in defendant's favor. In November 1982, plaintiffs brought the second action in Supreme Court seeking an injunction to restrain defendant from, *inter alia,* constructing fences that would block plaintiffs' access from their property to defendant's property. Plaintiffs moved for a preliminary injunction. Supreme Court denied the motion. Defendant then moved to dismiss plaintiffs' complaint on the grounds of res judicata based upon County Court's judgment in defendant's favor which had been affirmed by this court *(Hurd v Lis, supra).* Plaintiffs cross-moved to review or reargue the denial of their prior motion for a preliminary injunction. Supreme Court denied plaintiffs' cross motion and granted defendant's motion dismissing plaintiffs' complaint. Supreme Court found that the issues before it had been, or should have been, determined in the County Court action and dismissed plaintiffs' claim as being precluded by the prior final judgment *(see, Smith v Russell Sage Coll.,* 54 NY2d 185; *O'Brien v City of Syracuse,* 54 NY2d 353; Siegel, NY Prac § 447, at 94-95 [1985 Pocket Part]). Supreme Court's decision was based on the premise that plaintiffs were seeking the same relief that they had already been denied in County Court. Plaintiffs did not appeal the judgment entered upon Supreme Court's determination.

Now, in the context of defendant's 1984 motion by order to show cause to hold plaintiffs in contempt for violation of a restraining order that was part of the first County Court judgment, plaintiffs cross-moved for the same relief, i.e., removal of the fences erected by defendant, that was denied by the judgment in the Supreme Court action from which they did not appeal. Citing cases that stand for the proposition that a final judgment on the merits precludes litigation of the same matter under a different theory, defendant contends that

County Court should have denied plaintiffs' cross motion without a hearing on res judicata grounds. We agree.

It appears that County Court's disposition of defendant's res judicata argument was premised on plaintiffs' contention that Supreme Court's determination was preliminary, not on the merits, and, accordingly, did not bar litigation of the same issue in the 1984 proceeding before County Court. We disagree. Supreme Court's dismissal on res judicata grounds was made pursuant to CPLR 3211 (a) (5) and did not involve the merits of the action. The sole ground was res judicata, which is one of the grounds under CPLR 3211 that can be given preclusive effect (see, Siegel, NY Prac §§ 445, 446, at 590, 591).

Lastly, plaintiffs' contention that the issue of whether defendant's fencing unreasonably interfered with plaintiffs' easement was not raised in either the first County Court action or the Supreme Court action, and, accordingly, could not have been determined so as to be a basis for a res judicata bar. While it is true, as County Court found in the instant proceeding, that the issue was not determined in the original County Court action, that is not true of the Supreme Court action. While it is true that no trial or hearing was held in the latter action, the issue was definitely raised. Plaintiff George Hurd's affidavit in opposition to defendant's motion to dismiss is replete with claims and allegations about defendant's fences. The doctrine of res judicata holds that, as to parties in litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein and also as to those issues which might have been litigated therein but were not (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485; Prudential Lines v Fireman's Ins. Co., 91 AD2d 1).

KANE, MAIN, WEISS and MIKOLL, JJ., concur.

Order reversed, on the law, without costs, and cross motion denied.