ROBERT A. TAYLOR et al., Appellants, v ALFRED E. DEVENDORF et al., Respondents.

This dispute involves claims of ownership to a certain portion of a private right-of-way in the Birch Court development located in the Village of Matinecock in Nassau County. The original owner of all the property in question was one Lester Bassett. In 1953, Bassett conveyed to Donald and Helen Vance a parcel of this property which was subsequently divided into three lots, the one now owned by the Devendorfs and two presently owned by their neighbors, the Taylors. In April 1954 Bassett conveyed a second parcel to certain purchasers who later conveyed the property in June 1954 to the Fortlay Corporation (hereinafter Fortlay).

In August 1954 Fortlay filed a subdivision map which divided its property into 10 lots. Access to the development, which became known as Birch Court, was provided by a road which began at Laurel Road and ran into the interior of the development where it ended in a cul-de-sac. The 10 lots in the development all fronted on this road which was named Birch

Court Road. One section of the road, that portion now under dispute, from where it intersected Laurel Road until it entered the development proper, did not abut any of Fortlay's lots but instead fronted, on its west side, the property now owned by the Devendorfs and Taylors.

Between the years 1955 and 1958, Fortlay sold the 10 lots. The deeds conveying the property to each purchaser gave each resident "a right of way for ingress and egress over Birch Court and Laurel Road to the Locust Valley-Oyster Bay Road". All the deeds conveyed to the purchaser of each lot "all right title and interest * * * to any streets and roads abutting the above described premises to the center line thereof". However, one of the deeds, from Fortlay to Robert McCoun, slightly varied this wording to provide for a transfer of "all right, title and interest * * * to the land lying in the streets and roads in front of and adjoining said premises". The plaintiffs attach great significance to this wording.

The Devendorfs became the owners of their property in 1980. The parcel had an area of slightly over four acres, and, since the local zoning law provided for two-acre building sites, the Devendorfs decided to subdivide their property. The Devendorfs planned to provide access to their second lot via a driveway which fronted on Birch Court Road. At a hearing before the Planning Board of the Incorporated Village of Matinecock in June 1983 the plaintiffs claimed that only residents of the Birch Court development had a right-of-way over Birch Court Road and therefore the Devendorfs could not provide access to their second lot via that route. During these proceedings, the Devendorfs discovered that the section of Birch Court Road which ran past their property was still owned by Fortlay. They approached Fortlay's president and sole shareholder, who agreed to convey to them his title to that section of the road. Fortlay thereafter conveyed to the Devendorfs by quitclaim deed its title and interest in the road although the corporation had been in dissolution since 1980. The instant action was commenced in October 1983.

The plaintiffs claim, in the first instance, that Fortlay did not have any title to convey to the Devendorfs since the section of Birch Court Road in question was transferred to Robert McCoun in 1957. McCoun's lot was the first lot on the west side of Birch Court Road where that street entered the Birch Court development. The plaintiffs allege that since McCoun's deed gave him title to all streets "in front of and adjoining" his premises, he became the owner of Birch Court Road from where it intersected Laurel Road until it entered

the development. We agree with Supreme Court that this argument is totally without merit. The language to which the plaintiffs point was not specifically placed in the deed by Fortlay but was part of the boilerplate wording of a form deed. It is therefore clear, as Supreme Court found, that the use of the word adjoining was merely another way to say "abutting" and McCoun received no greater title to the roadway than his neighbors. Moreover, it is significant to note that when the McCoun estate conveyed the property to its present owner, the deed transferred title only to streets and roads *"abutting* the above described premises to the center line thereof"* (emphasis added). It is therefore apparent that McCoun recognized that he had title only to a portion of Birch Court Road which was in front of his property.

Equally without merit is the plaintiffs' contention that Fortlay had no power to convey its title to the Devendorfs since the corporation was in dissolution. This court and other courts have recognized that a dissolved corporation has the power to transfer an interest in real property *(see, Filby v Brooks,* 105 AD2d 826, 828, *affd* 66 NY2d 640; *Northern Props. v Kuf Realty Corp.,* 30 Misc 2d 1, 4; *see also, Jennings v High Farms Corp.,* 28 AD2d 693). Accordingly, the Devendorfs became the title owners of the property upon receipt of the deed from Fortlay. As owners of the fee, the Devendorfs may make use of the property provided that they do not unreasonably interfere with the right-of-way held by the residents of the Birch Court development *(see, Grafton v Moir,* 130 NY 465, 471; *Hurd v Lis,* 92 AD2d 653).

It is also clear that it was not the intent of Fortlay, based on the language in the original deed, to grant the residents of Birch Court an exclusive right-of-way over the road *(see, Fischer v Liebman,* 137 AD2d 485). The deed from Fortlay to the original residents gave them a right-of-way for "ingress and egress over Birch Court [Road]". This language in no way indicates that additional rights-of-way could not be granted to property owners whose land abutted Birch Court Road. Furthermore, the record reveals that Fortlay intended to dedicate Birch Court Road to the local authorities but apparently this dedication was never accepted. The intent to make Birch Court Road a public street is further evidence that Fortlay did not intend to grant exclusive rights-of-way to Birch Court residents. There is nothing in the record to convince this court that the use of Birch Court Road as planned by the Devendorfs will in any way interfere with the right of ingress and egress guaranteed to the residents of Birch Court and, there-

fore, the order and judgment appealed from is affirmed. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.