■ KAYO BUMPUS, Appellant, v ROBERT E. GRIFFIN et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered March 9, 1990 in St. Lawrence County, which granted defendants' motion for partial summary judgment dismissing plaintiff's first cause of action.

The parties to this action are neighbors who own adjoining "camp lots" located to the south of the Chippewa Creek in the Town of Hammond, St. Lawrence County, which were once commonly owned. Plaintiff's parcel is located to the east of that owned by defendants. Where the parties' parcels meet is a built-up portion of land owned by defendants (hereinafter referred to as the creek lot), which was created by dredging marsh lands to the west so as to create a land higher above the water which provides access through surrounding marsh land to the waters of Chippewa Creek. Plaintiff's deed from his predecessors in title contained an express right-of-way which purported to extend from his property to the Chippewa Creek over defendants' creek lot. At one point, plaintiff acquired a parcel of land containing a dock which is located

adjacent to the east side of defendants' creek lot and adjacent to the creek. Until relations between the parties disintegrated, plaintiff apparently crossed over defendants' creek lot to gain access to his dock. Following the escalation of tensions between the parties, defendants erected a fence on the border of the creek lot which separates that land from plaintiff's newly acquired land containing the dock. This fence allegedly prevented plaintiff from accessing his dock from what he perceived to be his right-of-way.

Consequently, plaintiff commenced an action in St. Lawrence County Court seeking, *inter alia,* a permanent injunction prohibiting defendants from blocking his access to his dock. In determining plaintiff's request for a preliminary injunction, however, County Court held that plaintiff's express right-of-way did not, as he believed, extend all the way to the creek, but only extended to an area known as the "dug canal". Nevertheless, after a trial, County Court ultimately found that plaintiff had established a seasonal (between Apr. and Oct. of each calendar year) prescriptive easement over defendants' creek lot for the purpose of reaching the creek. As for the abutting area of land leading from the prescriptive easement to plaintiff's dock, the court noted that plaintiff had a revocable limited license to cross over the land to build his dock, but that this license was revoked by defendants following the disintegration of the parties' friendly relationship. The court went on to direct defendants "not to do anything to impede, impair or prevent the plaintiff from exercising his right to traverse the land from the dug canal to reach Chippewa Creek". Thereafter, plaintiff submitted a proposed judgment which included language directing defendants to remove their fence. County Court rejected this judgment and explained in a later decision that it had not directed defendants to remove any structures. Accordingly, the final judgment made no reference to defendants' fence but did provide that the parties had leave to apply to the court "for any further relief as may be necessary to effectuate the terms of this judgment". No appeal of County Court's judgment or any clarification was apparently ever taken.

Instead, plaintiff subsequently commenced this action in Supreme Court. Of sole interest here is plaintiff's first cause of action in the complaint again seeking the removal of defendants' fence because it allegedly impeded his right-of-way to his dock. Defendants moved to dismiss the first cause of action pursuant to CPLR 3211 (a) (5). Supreme Court initially granted this motion but, on reargument, denied the motion.

Defendants then served their answer and moved in County Court for a clarification of its earlier judgment in relation to the issue of the fence. County Court's subsequent order of clarification specifically stated that defendants' fence did not intersect plaintiff's prescriptive easement even though it prevented plaintiff's access to his parcel of land which contains the dock. The court noted that plaintiff's dock is not located at the northerly end of the prescriptive easement but rather is located to the east of it on a parcel of land he bought after he built his dock. Accordingly, "the problem for plaintiff was not *legal access* to his dock, since he now owns the land east of defendants' 'creek lot' all the way north to Chippewa Creek, but rather, *practical access,* since all of the land except the filled section, is marshy and difficult or impossible to pass over" (emphasis in original). Although the fence located at the northeast border of the easement allegedly blocks the traversible area from the easement to the dock, County Court went on to state that "[t]he Court is not aware of any rule of law, nor has any been cited that dictates that a right-of-way, either prescriptive or otherwise, is limited to use only at its terminus". Defendants' later motion seeking summary judgment on plaintiff's first cause of action based upon County Court's clarification order was granted by Supreme Court and this appeal by plaintiff followed.

There must be an affirmance. Defendants correctly contend that the argument and issues raised by plaintiff with respect to the first cause of action in the present lawsuit are factual ones that were or could have been resolved in the earlier action before County Court. Significantly no appeal was ever taken from the decisions or clarifications of County Court in this regard. The doctrine of res judicata prevents a party from relitigating issues which have already been litigated and determined by a final judgment on the merits and which could have been raised and litigated in the original action *(Boronow v Boronow,* 71 NY2d 284, 290; *Smith v Russell Sage Coll.,* 54 NY2d 185, 194; *O'Brien v City of Syracuse,* 54 NY2d 353, 357). Plaintiff unpersuasively argues that the County Court action was to establish plaintiff's prescriptive easement, whereas this action is to enforce the easement. An examination of the decision of County Court reveals, however, that plaintiff repeatedly attempted to have defendants' fence removed in that action and was unsuccessful *(see, Hurd v Lis,* 126 AD2d 163, 168, *appeal dismissed* 70 NY2d 872). Although plaintiff now claims that County Court allegedly misunderstood his arguments, this contention is not borne out by an examination of

the decisions from that court. Moreover, the fact remains that plaintiff could have requested a further order of clarification or taken an appropriate appeal from any decision he felt was adverse to his claims. Plaintiff cannot be allowed to forum shop in an attempt to find a more favorable audience to hear his arguments. Accordingly, Supreme Court correctly dismissed plaintiff's first cause of action. We do not pass upon the propriety of any of the conclusions contained in County Court's decisions as they are not properly before us.

Casey, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.