■ ELEANOR W. BYRNE et al., Appellants, v VILLAGE OF LARCHMONT, Respondent. [651 NYS2d 78] —In an action, *inter alia,* to permanently enjoin the defendant from granting a right of way to the general public over property known as "Point Road" and "Beach Lot", the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Rabin, J.H.O.), dated November 2, 1995, which, upon an agreed statement of facts, *inter alia,* granted the defendant's motion to dismiss the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the plaintiffs are awarded judgment enjoining the defendant from granting a right of way to the public over property known as Point Road or Beach Lot.

The plaintiffs are owners of premises designated as lots on a subdivision map known as "Map showing a resubdivision of a portion of Lot 6 of the Estate of John Pryer, deceased, and filed as Volume 39 of Maps at page 77 in the Office of the Clerk of the County of Westchester". Each of the plaintiffs possess an easement, i.e., a right of way, by virtue of a grant from a common grantor, over areas designated as "Point Road" and "Beach Lot" on the subdivision map. The areas known as Point Road and Beach Lot, i.e, the servient estate, are owned in fee by the defendant Village of Larchmont (hereinafter the Village), having been purchased by the Village at a tax sale in 1946. The original grant of the right of way provided: "This

grant is not intended to confer any right of passage over said [land] by tradespeople, marketmen, mechanics, deliverymen or the employees or agents of any such class of people nor by the general public".

The instant action was commenced by the plaintiffs, *inter alia,* to permanently enjoin the Village from opening Point Road and Beach Lot "as a public thoroughfare in the Village".

The case was submitted upon an agreed statement of facts. The Supreme Court granted judgment in favor of the Village dismissing the complaint, holding:

"Plaintiffs clearly hold easements that at common law would have been classified as 'affirmative easements': the right to enter upon a servient tenement in a way that would have constituted a trespass but for the existence of the easement. They ask this court to construe their easements as what common law would have classified as 'negative easements': the privilege to compel the possessor of the servient tenement to refrain from engaging in activity upon the subject property that would have been permissible but for the existence of the easement. Here, the challenged activity is the defendant's practice of opening the subject property to use by persons who do not own specific nearby lots. Because a negative easement constitutes a restriction upon the use of property, it is frequently referred to as a 'restrictive covenant.'

"The Court declines to construe plaintiffs' easements as being in the nature of restrictive covenants. They have not shown that the grantor of the easements intended to restrict either his own activities or privileges, or those of any subsequent possessor of the subject property. The relevant portion of each deed in fact uses the phrase right of way at least twice. Plaintiffs' easements, like rights of away, do not diminish the rights of the owner in fee of the subject property, except that the owner may not bar plaintiffs' rightful use of the subject property. Plaintiffs have not shown that their right to use the property is exclusive; courts in this state prefer not to construe easements as exclusive or restrictive unless presented with strong evidence of intent to make them exclusive or restrictive".

We reverse and grant the plaintiffs permanent injunctive relief.

It must be noted that the Supreme Court, in its decision, completely ignored the language in the original grant of the easement which unequivocally indicated that it was "not intended to confer any right of passage over said [land] * * * by the general public". Moreover, it is our view that this re-

striction in the original grant of the right of way is sufficient to exclude third persons *(see, Hurd v Lis,* 92 AD2d 653, 654; 49 NY Jur 2d, Easement and Licenses in Real Property, § 37). Accordingly, the plaintiffs are entitled to judgment enjoining the Village from granting a right of way to the general public over Point Road and Beach Lot. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.