■ EVERGREEN BANK, N. A., Formerly Known as FIRST NATIONAL BANK OF GLENS FALLS, Respondent, v FRANCIS A. GIROUX, Appellant. [708 NYS2d 755] —Crew III, J. P. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered February 17, 1999 in Saratoga County, which, inter alia, granted plaintiff's motion to confirm the Referee's report of sale.

As the result of defendant defaulting in payment on a real estate loan advanced by plaintiff, plaintiff foreclosed upon the mortgage held on the underlying property in the Town of Corinth, Saratoga County, and, in January 1998, obtained a judgment of foreclosure and sale. In August 1998, plaintiff purchased the property at a public sale for $56,000. In September 1998, plaintiff moved to confirm the Referee's report of sale and for a deficiency judgment in the amount of $69,703.01 which, pursuant to RPAPL 1371 (2), was based upon the appraised fair market value of the property. Supreme Court granted plaintiff's motion and this appeal ensued.

The sole issue raised on this appeal concerns the probity of Supreme Court's determination of fair market value without conducting an evidentiary hearing. In May 1998, defendant's appraiser determined the fair market value of the subject property to be $147,500. Two months later, plaintiff's appraiser valued the property at $75,000. Apparently, Supreme Court directed a hearing to determine fair market value, which subsequently was adjourned in order that the parties could conduct settlement negotiations. When the parties failed to settle the matter or agree upon an independent appraiser, plaintiff's attorney wrote to Supreme Court requesting that the court appoint an independent appraiser whose evaluation would be binding and final. Following execution, but prior to entry, of Supreme Court's order appointing the independent

appraiser, defendant's attorney wrote to the court objecting to such procedure and requesting a hearing.*

Plaintiff now contends that defendant failed to timely object to Supreme Court's order appointing an independent appraiser and has thus waived his right to seek a hearing on valuation. We disagree. As noted previously, the record seems to indicate that the parties agreed to settle the matter or, failing that, to select an independent appraiser. It is clear that they did neither. Plaintiff's unilateral request for a court-appointed appraiser whose opinion was to be binding on the parties could not operate to deprive defendant of the opportunity to have an evidentiary hearing to resolve the issue of fair market value. Furthermore, insofar as plaintiff claims that defendant waived his right to a hearing by failing to timely object, the record reflects that defendant indeed objected in writing and requested a hearing. Accordingly, the order and judgment must be reversed and the matter remitted for an evidentiary hearing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with the court's decision.

---

* Plaintiff contends that defendant may not question the appropriateness of such order on the ground that no appeal was taken therefrom. This argument ignores the well-established law that the scope of appellate review from a final judgment includes any interlocutory order that necessarily affects the final judgment (*see*, CPLR 5501 [a] [1]; *see also, Hurd v Lis*, 126 AD2d 163, 166, *appeal dismissed* 70 NY2d 872).