■ FERDINANDO IORFIDA et al., Respondents, v IRENE STAMOS et al., Appellants. [935 NYS2d 340]—

In 1985 the defendants' predecessors in interest (hereinafter the De Josephs) sold a parcel of real property to the plaintiffs. The De Josephs, however, continued to own a parcel of land directly behind the parcel that they sold to the plaintiffs. In addition, the De Josephs retained, for themselves, their heirs, successors, and assigns, an easement over a narrow rectangular portion (approximately 5 feet by 50 feet) of the parcel they sold to the plaintiffs. The easement area ran along the border between the two parcels, and was physically divided from the rest of the plaintiffs' parcel by a retaining wall approximately 3½ feet in height, which ran the length of the easement. Thus, the easement area, although owned by the plaintiffs, for all intents and purposes appeared to be part of the parcel owned by the De Josephs.

The easement instrument provided, in relevant part, that the plaintiffs would be responsible for maintenance and repair of the retaining wall, but also that the De Josephs would be responsible for the remainder of the easement area. It also provided that the easement shall be "permanent and exclusive," and that it shall be for the "free and uninterrupted use of the [the De Josephs]." It also provided that the plaintiffs "shall not remove said retaining wall without the written consent of sellers, their heirs, successors or assigns."

In 1988 the De Josephs sold their parcel, and the rights under the easement are now held by the defendants. The parties' respective rights under the easement have been a point of contention and, in 2005, the easement instrument was modified by a stipulation of settlement. That stipulation required that the defendants "remove all cultivation from the roots, sheds, debris, and any other obstructions from the easement," and cease "cultivating or erecting structures, fixing trees and shrubs on the easement." It also provided that the defendants "shall be

permanently enjoined from interfering with [the plaintiffs'] quiet enjoyment of the easement." Finally, with respect to the retaining wall, the stipulation provided that the plaintiffs "may replace or repair the retaining wall as they deem appropriate." Pursuant to the stipulation, any inconsistencies between the easement and the stipulation were to be resolved in favor of the stipulation.

Another dispute arose, resulting in the plaintiffs' commencement of this action in 2007. The plaintiffs alleged that the defendants had trespassed upon their property by placing various obstructions in violation of the easement and the stipulation. The defendants counterclaimed, alleging that the plaintiffs had removed the retaining wall in violation of the easement and had harassed the defendants by trespassing onto the easement area. Both parties sought injunctive relief and damages.

The case proceeded to a nonjury trial, where it was undisputed, among other things, that the defendants began placing large pots containing plants and trees along the line where the wall formerly stood, creating a de facto barrier between the easement area and the portion of the plaintiffs' property that is not burdened by the easement. After the trial, the Supreme Court, inter alia, directed the defendants to remove the "pots, bushes, trees, and other obstructions" from the easement area, and that "the defendants' appropriation of the plaintiffs' property as their own shall cease forthwith." The defendants appeal. We modify.

The defendants contend that they are entitled to exclusive use of the easement area, that the potted plants and trees do not violate the terms of the easement or stipulation, and that the plaintiffs should be directed to replace the retaining wall in its former location. The plaintiffs contend that they have rights of access to and use of the easement area, that they were entitled to remove the retaining wall without the defendants' consent, that the potted plants and trees violate the terms of the stipulation, and that the potted plants partially encroach onto the portion of their property which is outside the easement area.

Exclusive easements, which give the dominant landowner the right to exclude the servient landowner (whose land is burdened by the easement), are disfavored by courts (see *Hurd v Lis*, 92 AD2d 653, 654 [1983]; *Hoffman v Capitol Cablevision Sys.*, 52 AD2d 313, 315 [1976]; *see also* 1 Rasch, New York Law and Practice of Real Property § 18:41 [2d ed]; 49 NY Jur 2d, Easements § 32). For that reason, an easement will be deemed nonexclusive "unless the opposite intent unequivocally appears"

(*Hurd v Lis*, 92 AD2d at 654; *see Hoffman v Capitol Cablevision Sys.*, 52 AD3d at 315). Here, it is unequivocally clear from the document creating the easement that the plaintiffs and the De Josephs intended to create an "exclusive" easement in favor of the De Josephs (*see Hoffman v Capitol Cablevision Sys.*, 52 AD2d at 315; *cf. DiDonato v Dyckman*, 76 AD3d 610, 611 [2010]). Further, the stipulation created no right for the plaintiffs to enter or use the easement area. The terms of the stipulation which enjoined the defendants from interfering with the plaintiffs' "quiet enjoyment" merely guaranteed that the defendants would not effect an eviction by claiming paramount title to the easement area (*see Glassman v Hyder*, 23 NY2d 354, 364 [1968]; 1 Rasch, New York Law and Practice of Real Property § 24:98 [2d ed]). Moreover, under the easement document, even as modified by the stipulation of settlement, the plaintiffs were not permitted to remove the retaining wall without the defendants' consent, but only to replace or repair it. Thus, the plaintiffs are directed to replace the retaining wall forthwith, in exactly the same location as the wall was previously located.

The defendants' placement of potted plants and trees within the easement area does not violate the terms of the stipulation, which enjoined the defendants only from "fixing" anything permanent to the easement area. The evidence at trial established, however, that some of the potted plants and trees that the defendants placed along the boundary of the easement area encroach onto the portion of plaintiffs' property unburdened by the easement. Accordingly, the defendants are directed to remove these potted plants and trees from any portion of the plaintiffs' property that is not encumbered by the easement forthwith. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.