Cannon v Hampton (2021 NY Slip Op 05907)





Cannon v Hampton


2021 NY Slip Op 05907


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

531674
[*1]Deborah Cannon et al., Respondents,
v
Stephen Hampton et al., Appellants.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Kitson & Schuyler PC, Croton-on-Hudson (Peter Schuyler of counsel), for appellants.
Breedlove & Noll, LLP, Queensbury (Carrie McLoughlin Noll of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered September 30, 2019 in Warren County, which, among other things, denied defendants' cross motion for summary judgment on their counterclaim.
The parties own neighboring parcels of real property located between Redwing Road and the edge of Schroon Lake in the Town of Horicon, Warren County. In 2001, plaintiffs obtained both parcels from defendants' predecessor in interest, then immediately conveyed back lot No. 1 in a deed containing two easements. Plaintiffs retained lot No. 2. In 2010, defendants obtained lot No. 1 through a deed reciting the same two easements. In 2015, plaintiffs commenced this action seeking a declaration regarding the scope of the easements, along with monetary damages for claims sounding in trespass, property damage and interference with use of their property. Defendants answered and asserted a counterclaim for a declaration that the easements are as defendants interpret them.
Plaintiffs moved for partial summary judgment, seeking a declaration regarding the easements, a permanent injunction preventing defendants from entering plaintiffs' property outside the scope of those declarations, and dismissal of the counterclaim. Defendants cross-moved for summary judgment on their counterclaim. Supreme Court found that the easement language was unambiguous, expressly concluding that extrinsic evidence need not be considered to discern the parties' intent. The court denied defendants' cross motion and granted plaintiffs' motion for partial summary judgment, thereby dismissing the counterclaim and declaring the scope of the first easement (hereinafter the driveway easement) as limited to "that portion of driveway located from Redwing Road directly to defendants' residence and what had previously been the cottage/residence at the time of plaintiffs' purchase of their property," not to the lake, and declaring the second easement (hereinafter the shoreline easement) to be limited to providing defendants with recreational use of a certain portion of the shoreline to the exclusion of third parties, but not excluding plaintiffs. Defendants appeal.
"[A] deed must be construed according to the intent of the parties and . . . a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed" (Town of Fowler v Parow, 144 AD3d 1444, 1447 [2016] [internal quotation marks and citations omitted]; see Real Property Law § 240 [3]; Lewis v Young, 92 NY2d 443, 449 [1998]; Andersen v Mazza, 258 AD2d 726, 727 [1999]). The relevant intent "is the objective intent of the parties as manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (Margetin v Jewett, 78 AD3d 1486, 1488 [2010]; see Accurate Realty, LLC v Donadio, 80 AD3d 1041, 1041 [2011], lv dismissed 17 NY3d 844 [2011], lv denied 21 NY3d 858 [2013]). "Whether the language of [a deed] [*2]is ambiguous is a question for the court to decide as a matter of law," and "all of the provisions of an agreement creating an easement must be taken into consideration in determining the nature and extent of the creation" (Kallen v Feldi, 192 AD2d 1015, 1017 [1993] [internal quotation marks and citations omitted]; see Accurate Realty, LLC v Donadio, 80 AD3d at 1041-1042).
The 2001 deed conveying lot No. 1 from plaintiffs to defendants' predecessor in interest contains two easements. The driveway easement, labeled in the deed as "Easement and Right-of-Way to Redwing Road," provides that "[l]ot No. 1 conveyed herein is conveyed together with a non-exclusive permanent easement and right-of-way for existing utilities and for vehicle and pedestrian traffic over the existing driveway over [l]ot 2 as shown on the map referenced herein." The deed earlier refers to a map created by surveyor James Hughes dated January 10, 1990, with the most recent revisions dated August 31, 2001, and filed with the Warren County Clerk's office.[FN1] The deed also provides that "[t]he right-of-way for access to [l]ot No. 1 will be terminated if the Grantor installs a right-of-way for [l]ot No. 1 in a location on [l]ot No. 1 agreeable to the owner of [l]ot No. 1 and a driveway of equal type and construction as it presently exists at the time of this sale." The shoreline easement, entitled "Easement to the Shore of Schroon Lake," states that "[l]ot No. 1 conveyed herein is conveyed together with an exclusive permanent easement for beach, boating, docking and any recreational use over a portion of [l]ot No. 2 shown on the map referenced herein," then provides a metes and bounds description of the encumbered area.[FN2]
Numerous versions of Hughes' map depict a driveway beginning from Redwing Road onto lot No. 2 then reaching a fork, with the left fork ending near a residence on lot No. 1 and the right fork continuing down to the lake shoreline. Although defendants contend that a question of fact exists as to what the parties to the 2001 deed considered the "existing driveway" at that time, we disagree that a focus on that phrase is necessary or dispositive. Resort to extrinsic evidence is unnecessary, as the language in the deed, considered as a whole, unambiguously defines the easements. The label given to the driveway easement indicates that it is a right-of-way "to Redwing Road," implying that its purpose is for ingress and egress to that public road. This intention is bolstered by the provision allowing extinguishment of the driveway easement if plaintiffs install on lot No. 1 a right-of-way and driveway equivalent to the one existing on lot No. 2 at the time of the sale; in that provision, the deed refers to the driveway easement as "[t]he right-of-way for access to [l]ot No. 1." If the right fork of the driveway on lot No. 2 down to the lake was used for the owners of lot No. 1 to gain access to the lake, it would be an unnatural reading of the easement language to mean [*3]that the right fork is providing "access to" lot No. 1; instead, it would be providing "access from" lot No. 1 to the lake. Further, if the parties' intention had been to provide access to the lakeshore, two separate easements would not have been necessary. Rather, as Supreme Court reasoned, "the fact [that] the deed included two separate and distinct easements confirms that the intention was that the 'driveway easement' would not include the [right fork] . . . on plaintiffs' property," which leads to the lake shoreline and away from Redwing Road.
Moreover, the survey map that is incorporated by reference into the deed supports the conclusion that the driveway easement covers only the beginning branch and left fork of the driveway. If a deed describes property by reference to a filed map or plat, "the filed map must be taken as part of the deed[,] and explanatory notes contained on the map bec[o]me part of the description" (Town of Brookhaven v Dinos, 76 AD2d 555, 562 [1980], affd on opinion below 54 NY2d 911 [1981]; see McConnell v Wright, 151 AD3d 1525, 1526 [2017]; Matter of Fuentes v Planning Bd. of the Vil. of Woodbury, 82 AD3d 883, 884 [2011], lv denied 17 NY3d 707 [2011]). The Hughes map contains a note along the beginning portion of the driveway, stating "[l]ot No. 1 to [r]etain an [e]asement and [right-of-way] for [e]xisting [u]tilities and [o]ver [e]xisting [d]riveway for [i]ngress/[e]gress" (emphasis added) (see McConnell v Wright, 151 AD3d at 1526; Town of Brookhaven v Dinos, 76 AD2d at 562). This language in the map note is consistent with the deed language.[FN3] Thus, as "the easement's language is not ambiguous,
. . . it alone may be considered in determining the true intent of the parties to the grant, to the exclusion of the circumstances surrounding the conveyance and the situation of the parties" (Matter of Lawrence v 5 Harrison Assoc., 295 AD2d 131, 132 [2002] [internal quotation marks and citation omitted]). As there is no ambiguity, plaintiffs met their burden for partial summary judgment through submission of the relevant deeds and the referenced map, and defendants failed to meet their burden either in response to plaintiffs' motion or in support of their cross motion. Accordingly, Supreme Court properly declared that the driveway easement is limited to the portion leading from Redwing Road to the residence on lot No. 1 and properly enjoined defendants from entering any other portions of plaintiffs' driveway.
The language of the shoreline easement does not state an intention to include any portion of the driveway on lot No. 2 for access to the lake from the road or from the residence on lot No. 1. It instead provides "an exclusive permanent easement for beach, boating, docking and any recreational use" over an area specifically defined by a metes and bounds description. The easement is thus limited to that exact area. The only question pertains to the term "exclusive" — i.e., whether the exclusion applies to plaintiffs [*4]as well as to all others. Easements that grant truly exclusive rights are disfavored, and the fee owner generally "has the right to use the land provided he [or she] does not unreasonably interfere with the rights of the owner of the easement" (Hurd v Lis, 92 AD2d 653, 654 [1983] [internal quotation marks and citation omitted]). Thus, "unless the opposite intent unequivocally appears," the term "exclusive" should be interpreted to exclude third parties but not the fee owner of the property (Iorfida v Stamos, 90 AD3d 993, 995-996 [2011]; see Hurd v Lis, 92 AD2d at 654). Put another way, provided that plaintiffs do not interfere with defendants' use of the shoreline easement, defendants may not exclude plaintiffs from that portion of their own property (see Briggs v Di Donna, 176 AD2d 1105, 1108 [1991]; Hurd v Lis, 92 AD2d at 654-655; compare Mylott v Sisca, 168 AD2d 852, 853-854 [1990]). Therefore, Supreme Court properly rendered a declaration in plaintiffs' favor regarding the shoreline easement as well.
Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The map filed in the clerk's office had revisions dated August 16, 2001 and was not the later August 31, 2001 map. In relation to the driveway easement, the two maps are identical.

Footnote 2: In light of this clear description in the deed, any differences in the two maps dated in August 2001 are irrelevant to the shoreline easement.

Footnote 3: Although we recognize that, "[t]o the extent that the instrument granting the easement and any map attached thereto differ as to the location of the easement, the description contained in the instrument should govern" (Terwilliger v Van Steenburg, 33 AD3d 1111, 1113 [2006]), this rule is inapplicable here.