Berg v Cahill (2023 NY Slip Op 00645)

Berg v Cahill

2023 NY Slip Op 00645

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-02503
 (Index No. 621195/16)

[*1]William C. Berg, plaintiff, George Bubaris, et al., appellants, 
v
Michael J. Cahill, etc., et al., respondents.

Gordon & Juengst, P.C., Shoreham, NY (Jennifer A. Juengst of counsel), for appellants.
Glynn, Mercep and Purcell, LLP, East Setauket, NY (A. Craig Purcell and Joseph J. Tromba of counsel), for respondents Michael J. Cahill, as trustee of the Maude D. Roberg Revocable Living Trust and Maude D. Roberg Revocable Living Trust.
Nicholas R. Ciappetta, Town Attorney, Huntington, NY (J. Edward Gathman, Jr., of counsel), for respondents Town of Huntington and Town of Huntington Planning Board.
Esseks, Hefter, Angel, Di Talia & Pasca LLP, Riverhead, NY (Anthony C. Pasca of counsel), for respondents Fort Slongo, LLC, Preserve at Indian Hills, LLC, and Indian Hills CC, LLC.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs have an exclusive easement over certain real property, the plaintiffs George Bubaris, Joan Bubaris, and Theresa M. Federico appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 16, 2019. The order, insofar as appealed from, (1) denied the plaintiffs' cross-motion for summary judgment on the first, third, fourth, and fifth causes of action, (2) granted those branches of the motion of the defendants Fort Slongo, LLC, Preserve at Indian Hills, LLC, and Indian Hills CC, LLC, which were, in effect, for summary judgment declaring that the plaintiffs did not have an exclusive easement over certain real property and pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action insofar as asserted against them, (3) granted that branch of the cross-motion of the defendants Town of Huntington and Town of Huntington Planning Board which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them, and (4) granted those branches of the cross-motion of the defendants Michael J. Cahill, as trustee of the Maude D. Roberg Revocable Living Trust, and Maude D. Roberg Revocable Living Trust which were pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action insofar as asserted against them, and, in effect, searched the record and awarded those defendants summary judgment declaring that the plaintiffs did not have an exclusive easement over certain real property.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted [*2]to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The plaintiffs and the defendant Maude D. Roberg Revocable Living Trust (hereinafter the Trust) own neighboring parcels of real property in Northport that were once part of a 19.393 acre tract of land owned by a common predecessor in interest. The parcels owned by the plaintiffs enjoy a "right of way" over a private road abutting their properties which runs along the parcels that were sold to the Trust. The easement over the private road had been granted to each of the plaintiffs' predecessors in title by the common predecessor in interest when those parcels were conveyed, together with a restrictive covenant against use of any of the lands that were part of the original 19.393 acre tract "for the purposes of business or trade." The defendants Fort Slongo, LLC (hereinafter Fort Slongo), and Preserve at Indian Hills, LLC (hereinafter the Preserve), own a golf course adjacent to one of the parcels owned by the Trust over which the private road runs (hereinafter the trust property), and in 2016, they entered into a contract with the Trust to purchase the trust property, including the deeded "right of way." In 2017, the Preserve filed an application with the defendant Town of Huntington Planning Board (hereinafter the Planning Board) to cluster develop the golf course and subdivide the trust property into multiple residential units.
Thereafter, the plaintiffs commenced this action seeking, among other things, a judgment declaring that their rights under the easement are exclusive (first cause of action), that the proposed subdivision of the trust property would violate the restrictive covenant prohibiting use of the trust property for business or trade (third cause of action), that any modification or widening of the private road on the trust property to accommodate the proposed subdivision would unreasonably interfere with their easement (fourth cause of action), and that the proposed subdivision of the golf course would be ultra vires to stated provisions of the Town Code of the Town of Huntington (fifth cause of action). Fort Slongo, the Preserve, and the defendant Indian Hills CC, LLC (hereinafter collectively the Fort Slongo defendants), moved, inter alia, in effect, for summary judgment declaring that the plaintiffs' easement over the private road on the trust property was not exclusive and pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action insofar as asserted against them. The plaintiffs cross-moved for summary judgment on the first, third, fourth, and fifth causes of action. The defendant Town of Huntington and the Planning Board (hereinafter together the Town defendants) cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them, and the defendant Michael J. Cahill, as trustee of the Trust, and the Trust (hereinafter together the Trust defendants) cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first, third, fourth, and fifth causes of action insofar as asserted against them. In an order dated January 16, 2019, the Supreme Court, among other things, denied the plaintiffs' cross-motion, granted those branches of the motions of the Fort Slongo defendants, and granted that branch of the cross-motion of the Town defendants. The court also granted those branches of the Trust defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action insofar as asserted against them, and, in effect, searched the record and awarded the Trust defendants summary judgment declaring that the plaintiffs' easement over the private road on the trust property was not exclusive. The plaintiffs George Bubaris, Joan Bubaris, and Theresa M. Federico (hereinafter collectively the appellants) appeal. We affirm.
The Supreme Court properly, in effect, searched the record and awarded the Trust defendants summary judgment, and properly granted that branch of the motion of the Fort Slongo defendants which was, in effect, for summary judgment declaring that the plaintiffs' easement over the private road on the trust property was not exclusive. "Easements by express grant are construed to give effect to the parties' intent, as manifested by the language of the grant" (Dowd v Ahr, 78 NY2d 469, 473; see Panday v Allen, 187 AD3d 775). "Easements that grant truly exclusive rights are disfavored, and the fee owner generally 'has the right to use the land provided he [or she] does not unreasonably interfere with the rights of the owner of the easement'" (Cannon v Hampton, 198 AD3d 1230, 1234, quoting Hurd v Lis, 92 AD2d 653, 654). "[A]n easement will be deemed nonexclusive 'unless the opposite intent unequivocally appears'" (Iorfida v Stamos, 90 AD3d 993, 995, quoting Hurd v Lis, 92 AD2d at 654).
Here, the original deeds from the common predecessor in interest granted the appellants a "right of way" over the private roadway which runs through the trust property, and do not contain unequivocal language manifesting an intent to create an easement which excluded the fee owner of the trust property (see Wilson v Palmer, 229 AD2d 647, 647; Taylor v Devendorf, 140 AD2d 510; see also Panday v Allen, 187 AD3d 775; cf. Byrne v Village of Larchmont, 234 AD2d 250). Therefore, the appellants are not entitled to a judgment declaring that they have an exclusive easement over the private roadway on the trust property.
The Supreme Court also properly granted those branches of the motion of the Fort Slongo defendants, the cross-motion of the Trust defendants, and the cross-motion of the Town defendants which were to dismiss the fourth cause of action, seeking a declaration that any modification or widening of the private road on the trust property to accommodate the proposed subdivision would unreasonably interfere with the easement. "As a rule, where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d 443, 449). Thus, "[a] right of way along a private road belonging to another person does not give the [easement holder] a right that the road shall be in no respect altered or the width decreased, for his [or her] right . . . is merely a right to pass with the convenience to which he [or she] has been accustomed" (Lewis v Young, 92 NY2d at 449 [internal quotation marks omitted]; accord Hogue v Village of Dering Harbor, 199 AD3d 900). As stated above, the easement here specifically granted the plaintiffs merely a right of way over the private road on the trust property. The fee owner of the trust property may therefore widen or otherwise modify the private road as long as the appellants' ability to use the private road to access their parcels is unimpaired (see Panday v Allen, 187 AD3d 775; Sambrook v Sierocki, 53 AD3d 817, 818). Contrary to the appellants' contention, a determination at this juncture as to whether the potential development of the trust property will materially interfere with their use of the easement would be premature. "The threat of a hypothetical, contingent, or remote prejudice to a party does not represent a justiciable controversy" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 842).
For the same reason, the Supreme Court properly granted those branches of the motion of the Fort Slongo defendants, the cross-motion of the Trust defendants, and the cross-motion of the Town defendants, which were to dismiss the fifth cause of action which sought a judgment declaring that the proposed subdivision of the golf course would be ultra vires to stated provisions of the Town Code of the Town of Huntington.
The appellants' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs' easement over the private road on the trust property is not exclusive (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.

2019-02503 DECISION & ORDER ON MOTION
William C. Berg, plaintiff, George Bubaris, et al.,
appellants, v Michael J. Cahill, etc., et al.,
respondents.
(Index No. 621195/16)

Separate motions by the respondents Fort Slongo, LLC, Preserve at Indian Hills, LLC, Indian Hills CC, LLC, and the respondents Michael J. Cahill, as trustee of the Maude D. Roberg [*3]Revocable Living Trust, and Maude D. Roberg Revocable Living Trust to dismiss the appeal from stated portions of an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 16, 2019, on the ground that the appeal from those portions of the order has been rendered academic. By decision and order on motion of this Court dated February 7, 2022, the separate motions were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motions are denied.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court