Matter of 82 Willis, LLC v City of New York (2025 NY Slip Op 02146)

Matter of 82 Willis, LLC v City of New York

2025 NY Slip Op 02146

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 650/07|Appeal No. 3957|Case No. 2023-05962|

[*1]In the Matter of 82 Willis, LLC, Appellant,
v
City of New York, Respondent.

Jaspan Schlesinger Narendran LLP, Garden City (Andrew M. Mahony of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Michael Chestnov of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about October 16, 2023, which, to the extent appealed from as limited by the briefs, denied claimant 82 Willis, LLC's (Willis) motion to preclude respondent The City of New York from certain claims and evidence at trial, unanimously affirmed, without
costs.
This action concerns the land adjacent to the Willis Avenue Bridge, which spans
the Harlem River, connecting Manhattan and the Bronx. Claimant Willis owns 82 Willis Avenue in the Bronx, a premises designated as New York Tax Block 2260, Lot 180 (the premises or Lot 180), a landlocked parcel with no direct street access. Lot 180 is surrounded by Lot 62, which Willis does not own. An easement appurtenant, however, runs with Lot 180, giving it a nonexclusive access easement running across Lot 62 (the Access Easement). The Access Easement is partially coterminous with the 1901 City
Bridge Easement, running under the existing Willis Avenue Bridge, and providing access to Willis Avenue.
In March 2007, the City acquired by condemnation various fee and easement interests in furtherance of its plans to replace the Willis Avenue Bridge, including permanent and temporary easements in a portion of Lot 62, to allow for the construction, maintenance, and repair of the new bridge (the Bridge Easements). The City did not take an interest in claimant's lot as part of its 2007 acquisitions, but one of its rights acquisitions was an easement that gave it a nonexclusive aerial, repair, maintenance, and access easement. A portion of the Bridge Easements, referred to by Willis as the "Permanent Easement," is located at the corner of Lot 62, and it overlaps with a portion Lot 180's Access Easement.
According to Willis, when construction began in 2007, the Access Easement area was occupied by equipment and construction materials owned by the Bridge Project's contractor, Kiewit Constructors, Inc/Kiewit-Weeks Marine. Willis further contends that there was no access to Lot 180 from Willis Avenue, and it could only access the premises by walking through a gate from Brown Place over property Willis did not own. The premises was leased to Kiewat from May 2009 to April 2011. After that lease terminated, Willis installed a parking lot, and from February 2015 through January 2019, leased the premises to Flat Rate Movers, Ltd.
In 2019, Willis determined that it would develop the property and filed an application seeking variances from the New York City Board of Standards and Appeals. According to the City, the variance application remains open.
In 2008, Willis filed a notice of claim under Eminent Domain Procedure Law
§ 503, asserting a claim for appropriation of an easement over its lot. The notice of claim
alleges that on March 27, 2007, the City acquired an interest over an easement benefiting the property known as 82 Willis Avenue, causing Willis to suffer $1,000,000 in direct consequential damages and $4,000,000 in severance damages.
In 2009, the City [*2]moved for leave to file an amended damage and acquisition map to clarify the extent and scope of its easement takings, limiting them to either above- and below-grade permanent easements. The City also filed a separate motion to dismiss Willis' claim, arguing that Willis still had "some means of access between their premises and a public street," and thus the claim was not compensable. Both motions were denied by an order of Supreme Court, New York County, dated April 6, 2010 (the 2010 order). Regarding the scope of the easement, the court found that the
original vesting order and acquisition map granted the City permanent easements "in, under and over" the subject properties without further delineation, further describing them as "aerial, repair, maintenance and access." The court denied the City's motion to dismiss, concluding there was no factual admissible evidence or proof submitted by the City to support its claim that there was not a complete loss of access.
Willis brought a motion to strike, seeking to preclude the City from: (1) disputing that the 2007 Bridge Easement blocked its access to its parcel; (2) disputing that the City did not provide Willis access to Lot 180, as part of the vesting map; (3) claiming that the loss of access to Lot 180 was caused by the City's contractor; (4) disputing that its damages were fixed as of the Bridge Easement vesting date; (5) arguing that it failed to mitigate its purported damages by obtaining substitute access to its parcel; and (6) introducing its appraisal into evidence or offering any expert testimony regarding that report.
The City brought a concurrent motion to strike, seeking to preclude Willis from
arguing or offering evidence regarding: (1) any damages allegedly caused by the relocation of the bridge closer to Lot 180; (2) any damages related to an alleged denial of access to Lot 180 because the 2007 Bridge Easement did not allow it to completely block access to Willis' Parcel and any de facto taking or trespass claim was time-barred; and
(3) any affirmative proof of value to matters outside its appraisals.
Supreme Court denied Willis' motion in limine in its entirety. Supreme Court noted that Willis denied asserting a de facto taking — a claim not pleaded in the notice of claim and one that would fail because a de facto taking is required to be permanent. Supreme Court also noted that Willis instead was alleging a de jure taking, based on the 2007 vesting order itself and the 2010 order. It stated that it found that nothing in the 2007 vesting order made the City's Bridge Easement exclusive. Supreme Court further found that because the 2007 vesting order did not result in exclusion, damages did not begin on the vesting date. As for the 2010 order, Supreme Court determined that the court in rendering the 2010 order did not, as claimed by Willis, find that the Permanent Easement portion of the Bridge Easement excluded Willis from its Access Easement so as to constitute an "unlimited taking." [*3]Instead, Supreme Court found that the court concluded that exclusion was a factual issue because "no factual admissible evidence or proof [had] been submitted by the City to support its claim that there was not a complete loss of access."
Supreme Court correctly found that the 2007 vesting order, under which the City acquired by condemnation various fee and easement interests in furtherance of its plans to replace the Willis Avenue Bridge, did not constitute a de jure taking divesting Willis of its nonexclusive access easement. While the vesting order states that the City's easement over a portion of Lot 62 is permanent, it does not state that it is exclusive or
that it divested any other easement holders of their rights (see Iorfida v Stamos, 90 AD3d 993, 995-996 [2d Dept 2011]; Cannon v Hampton, 198 AD3d 1230, 1234 [3d Dept 2021]). Supreme Court also correctly determined that the law of the case doctrine did not apply to this issue, as the 2010 order did not find that the vesting order granted the City an exclusive easement that divested Willis of its nonexclusive access. These determinations render Willis' arguments concerning the date upon which to fix damages and mitigation of damages academic.
The City's appraisal report and the expert who authored it should not be precluded. While the appraiser did not set forth an opinion as to the value of Willis' parcel before and after the 2007 vesting order, his opinion was that there was no taking, and thus no loss of value. In light of that position, there was no estimate to provide, nor any figures and calculations to set forth pursuant to the Uniform Rules for Trial Courts (see 22 NYCRR §§ 202.59[g][2] and 202.60[g][3]).
THIS
CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED:
April 15, 2025