■ RUSSELL MARGETIN et al., Appellants, v ROBERT T. JEWETT, JR., et al., Respondents. [912 NYS2d 356]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered May 13, 2009 in an action pursuant to RPAPL article 15. The judgment, insofar as appealed from, upon reargument determined the property line between certain parcels of real property owned by the parties.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the declaration is vacated, that part of defendants' motion for summary judgment dismissing the amended complaint is granted, and the amended complaint is dismissed.

Memorandum: The parties to this action own parcels of property in proximity to each other, fronting on Oneida Lake. Their dispute concerning the location of the boundary line allegedly separating their respective parcels resulted in the commencement of this action by plaintiffs seeking, inter alia, a declaration in their favor. Defendants' property is described by metes and bounds in a deed filed on January 2, 1912, while plaintiffs' property is likewise described by metes and bounds in a deed filed on January 19, 1912. Neither deed makes reference to a survey, subdivision or tract map. The parties' respective chains of title are derived from the 1912 conveyances that were made by a common grantor. We note, however, that a map filed in the Onondaga County Clerk's office on July 30, 1914 depicts the parties' respective lots in an adjoining position, with a common boundary line, while the metes and bounds descriptions contained in the 1912 deeds create a triangular parcel between the parcels. The parties agree that the triangular parcel was never conveyed to either defendants' or plaintiffs' predecessor in title. The parties have not joined the fee owner of the triangular parcel in this action, nor have they so much as identified the owner of that parcel. They instead seek a declaration

concerning the location of the boundary line between their allegedly adjoining parcels, without regard to the outstanding fee title ownership of the triangular parcel. Defendants moved for summary judgment seeking, inter alia, a declaration that the property line between the two parcels was established by the deed filed on January 2, 1912. Plaintiffs failed to respond to the motion and, in granting the motion, Supreme Court declared that the property line between the two parcels was established by the deed filed on January 2, 1912 in defendants' chain of title.

Plaintiffs thereafter moved for leave to renew and reargue, contending that a 2001 instrument survey upon which the parties had relied and submitted to the court incorrectly identified the property line. According to plaintiffs, if the correct property line as set forth in the January 2, 1912 deed was used, there nevertheless would be a property dispute because, according to that deed, defendants' shed would be encroaching on plaintiffs' property. In opposing the motion, defendants contended that the court had properly located the boundary line and that the 2001 survey relied upon the January 2, 1912 and January 19, 1912 deeds. The court granted plaintiffs' motion insofar as it sought leave to reargue and, upon reargument, the court relocated the property line using a 2009 survey. The court recognized the fact that, as previously noted, there would be some land to which neither plaintiffs nor defendants could claim title if the two 1912 deeds were used. Nonetheless, the court did not conduct a trial but, rather, summarily granted judgment locating a property line that divided the triangular parcel into two parcels, thereby granting plaintiffs additional lake frontage of 19.75 feet and granting defendants additional lake frontage of 11.25 feet beyond that contained within their respective deeds.

Plaintiffs contend that the deeds are ambiguous and that extrinsic evidence is required to resolve the ambiguity. Defendants respond that there is no additional extrinsic evidence that can shed light on the issues presented, although they implicitly concede that the deeds are ambiguous. We conclude that they are not ambiguous. We thus reverse the judgment insofar as appealed from, vacate the declaration issued upon reargument, and grant that part of defendants' motion for summary judgment dismissing the amended complaint. The subject of the instant action is the triangular parcel of land, and thus the proper vehicle for seeking relief is an adverse possession action against the owner or owners of record of the triangular parcel.

By their express terms, the two deeds unambiguously exclude

the triangular parcel from the original conveyances by the common grantor to the parties' predecessors in title. Real Property Law § 240 (3) provides in pertinent part that "[e]very instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." The "intent" to which the statute refers is the objective intent of the parties as manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant (*see Modrzynski v Wolfer*, 234 AD2d 901, 902 [1996], citing 2 New York Real Property Service § 20:68, at 78 [1987]). We reject plaintiffs' contention that extrinsic evidence, i.e., a subsequent tract map filed in 1914, "more accurately" describes the grantor's intent. The language of each of the 1912 deeds is not " 'susceptible of more than one interpretation' " (*Loch Sheldrake Assoc. v Evans*, 306 NY 297, 304 [1954]), and thus consideration of the 1914 tract map as extrinsic evidence is unwarranted (*cf. Cordua v Guggenheim*, 274 NY 51, 57 [1937]). Each deed unambiguously contains a metes and bounds description of the real property conveyed by each instrument. The fact that the descriptions contained in the deeds do not encompass the triangular parcel at issue does not render either of the deeds ambiguous. "The settled rule for the construction of [deeds] is that all evidence must be excluded which is offered to vary, explain or contradict a written instrument that was complete in itself and without ambiguity in its terms since, when words in a deed have a definite and precise meaning, it is not permissible to go elsewhere in search of conjecture in order to restrict or extend the meaning" (*Loch Sheldrake Assoc.*, 306 NY at 305 [internal quotation marks omitted]; *see Schweitzer v Heppner*, 212 AD2d 835, 838 [1995]). Although extrinsic evidence "can be admissible to explain latent ambiguities or to apply a general deed description to a particular land to which it was intended to refer[, such evidence] may not be used to vary a boundary description . . . set forth in a deed" (*Schweitzer*, 212 AD2d at 838; *see generally* 4 Warren's Weed, New York Real Property § 37.107 [5th ed]). Because there are no ambiguities in the 1912 deeds with respect to boundary descriptions, we reject the contention of plaintiffs that they should have been afforded the opportunity to submit extrinsic evidence concerning the grantor's intent. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.