■ ACCURATE REALTY, LLC, Respondent, v SAMUEL C. DONADIO et al., Appellants. [915 NYS2d 394]—

Rose, J. Appeal from that part of an order of the Supreme Court (Reilly Jr., J.), entered June 22, 2009 in Schenectady County, which granted plaintiff's motion for partial summary judgment quieting title to certain real property.

Plaintiff and defendants entered into an agreement for the purchase and sale of a package of contiguous parcels of real property located in Schenectady County. At issue in this action is title to one of the parcels consisting of 2.45 acres located at 582 Consalus Avenue in the Town of Rotterdam, Schenectady County, which was included in the deed conveyed to plaintiff. Plaintiff commenced this action pursuant to RPAPL article 15 to quiet title and defendants counterclaimed to reform the deed by removing the disputed parcel, claiming that the parties never intended it to be included in the transaction. Finding that the purchase agreement unambiguously included the disputed parcel, Supreme Court granted plaintiff's motion for partial summary judgment and denied defendants' cross motion for similar relief.

Defendants appeal, arguing that the purchase agreement is ambiguous and that the metes and bounds description in the deed was insufficient to alert them that the parcel in question was included. We disagree. Interpretation of a written agreement requires us to determine the parties' intent as derived from the language of the instrument, with the words and phrases employed given their plain meaning (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Howard Carr Cos., Inc. v Tech Val. Plaza, LLC*, 74 AD3d 1534, 1535 [2010]). If the language is complete, clear and unambiguous, we will not look beyond the four corners of the document to determine the parties' intent (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Whether or not a writing is ambiguous presents a ques-

tion of law to be resolved by the courts (*see Cerand v Burstein*, 72 AD3d 1262, 1265 [2010]; *Stevens & Thompson Paper Co., Inc. v Niagara Mohawk Power Corp.*, 49 AD3d 1011, 1012-1013 [2008]).

Here, the purchase agreement included the disputed parcel as part of the transaction by referring to it by book and page number in exhibit A. Contrary to defendants' contention, the agreement's requirement that plaintiff obtain a certified survey of the property to be transferred creates no ambiguity, inasmuch as the survey was obtained by plaintiff and utilized as the source of the new metes and bounds description of the combined parcels in the deed. Although the resulting survey map did not become available to defendants until after the closing, it merely confirmed that the new metes and bounds description included the disputed parcel. By proceeding to close before the survey map was available, defendants waived its production at the closing (*see Hunt v Kojac*, 245 AD2d 858, 859 [1997]). In any event, the deed refers to the disputed parcel by book and page as well as by metes and bounds, and its inclusion was readily apparent at the closing. There being no ambiguity, summary judgment was properly granted (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d at 163-164; *Leo v Stevens*, 307 AD2d 453, 454 [2003], *lv denied* 1 NY3d 502 [2003]).

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.