■ NEVIN DJOGANOPOULOS et al., Respondents, v JONATHAN D. POLKES et al., Appellants. [944 NYS2d 217]—

In a hybrid action, inter alia, for a judgment declaring that the plaintiffs/petitioners have a pedestrian right-of-way over the subject property, and proceeding, among other things, pursuant to CPLR article 78 in the nature of mandamus to compel the Building Inspector of the Village of West Hampton Dunes to process the plaintiffs/petitioners' application for a building permit for the construction of a walkway over dunes on the pedestrian right-of-way over the subject property, Jonathan D. Polkes, Ellen G. Polkes, and Elizabeth Hale appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated May 11, 2011, as denied that branch of their motion which was to dismiss the complaint/petition for failure to join necessary parties and granted the plaintiffs/petitioners' cross motion for summary judgment on the second cause of action for a judgment declaring that they have a pedestrian right-of-way over the subject property.

Ordered that on the Court's own motion, the appellants' notice of appeal from so much of the order as denied that branch of their motion which was to dismiss the petition is deemed an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from,

without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment, inter alia, declaring that the plaintiffs/petitioners have a pedestrian right-of-way over the appellants' property.

The plaintiffs/petitioners (hereinafter the petitioners) commenced this hybrid action, inter alia, for a judgment declaring that they have a pedestrian right-of-way over land owned by the appellants stretching from Dune Road to the Atlantic Ocean in the Village of West Hampton Dunes (hereinafter the Village), and proceeding pursuant to CPLR article 78 to compel the Building Inspector of the Village to process their application for a building permit for the construction of a walkway over dunes on the pedestrian right-of-way over the subject property. The appellants contend that the Supreme Court lacked subject matter jurisdiction to entertain the petitioners' claims to a pedestrian right-of-way and to a right to build the walkway over the dunes on the right-of-way due to a prior stipulation of settlement and consent judgment entered in a class action entitled *Maurice Rapf and Carl Hansen v Suffolk County*, commenced in 1984 in the United States District Court for the Eastern District of New York. The consent judgment, among other things, conveyed certain private land in the Village to the State of New York, established a conservation easement over certain land in favor of the County of Suffolk, and restricted the number of dune walkover structures that could be constructed on certain private lots. Although the appellants first raised the issue of subject matter jurisdiction in opposition to the petitioners' cross motion for summary judgment, a court's lack of subject matter jurisdiction may not be waived and may, in fact, be raised at any time (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *D'Angelo v State Ins. Fund*, 48 AD3d 400 [2008]; *Morrison v Budget Rent A Car Sys.*, 230 AD2d 253, 257-260 [1997]). However, contrary to the appellants' contention, resolution of the issues raised in this action/proceeding does not implicate the prior consent judgment. In this action/proceeding, the petitioners are not attacking the consent judgment, but rather, are seeking a determination of their rights to an easement over land owned by the appellants created by grant in their chain of title, and to compel the Building Inspector of the Village to process their application for a building permit for the construction of the walkway over the dunes on the pedestrian right-of-way over the subject property. Accordingly, the Supreme Court did not lack jurisdiction over the action/proceeding. Moreover, the parties to the class action are not necessary parties to the action/proceeding (*see* CPLR 1001 [a]).

The petitioners established their prima facie entitlement to

judgment as a matter of law declaring their rights to an easement appurtenant over the appellants' property stretching from Dune Road to the Atlantic Ocean. An easement appurtenant occurs when the easement (1) is conveyed in writing, (2) is subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate (*see Corrarino v Byrnes*, 43 AD3d 421, 423 [2007]; *Bogart v Roven*, 8 AD3d 600, 601 [2004]). The easement passes to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed (*see Strnad v Brudnicki*, 200 AD2d 735, 736 [1994]). Once created, the easement runs with the land and can only be extinguished by abandonment, conveyance, condemnation, or adverse possession (*id.*; *see Webster v Ragona*, 7 AD3d 850, 854 [2004]). The easement is not extinguished by subdivision for any portion of the land to which it applies so long as no additional burden is imposed upon the servient estate by such use, even if the resulting dominant and servient estates are not contiguous (*see Higgins v Douglas*, 304 AD2d 1051, 1053 [2003]; *Green v Mann*, 237 AD2d 566, 567 [1997]).

The petitioners have an easement appurtenant over the appellants' property, as the appellants had notice of the easement at the time they took title (*see Webster v Ragona*, 7 AD3d at 854). Owners of a servient estate are bound by constructive or inquiry notice of easements which appear in deeds or other instruments of conveyance in their property's direct chain of title (*see Witter v Taggart*, 78 NY2d 234, 239 [1991]; *Farrell v Sitaras*, 22 AD3d 518, 519-520 [2005]). The recording of a deed creating a right of way over a grantor's remaining land constitutes constructive notice to a purchaser who later takes title to the servient parcel from the same grantor (*see Long Bldg., Inc. v Brookmill Corp.*, 276 App Div 1087 [1950]). Here, the original deed provided the appellants with constructive notice because it created a right-of-way from Dune Road to the Atlantic Ocean that extended across what would eventually become the appellants' lots. Thus, the petitioners established that the appellants had constructive notice that the right-of-way burdened their land for the benefit of the petitioners' lot (*see Miles v De Sapio*, 96 AD2d 970, 971 [1983]).

In opposition to the petitioners' prima facie showing, the evidence submitted by the appellants, by which they attempted to show that the petitioners' predecessor in title abandoned that easement, was insufficient to raise a triable issue of fact. Contrary to the appellants' contention, summary judgment is not premature because they have been denied discovery (*see* CPLR

3212 [f]). The appellants failed to demonstrate how discovery might reveal the existence of material facts within the petitioners' exclusive knowledge with respect to the issue of abandonment.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment, inter alia, declaring that the petitioners have a pedestrian right-of-way over the appellants' property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31444(U).]**