Holland v McClusky (2019 NY Slip Op 05463)





Holland v McClusky


2019 NY Slip Op 05463


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1412 CA 18-01313

[*1]SUSANNE HOLLAND, PLAINTIFF-APPELLANT,
v
LAURA MCCLUSKY, MICHAEL NIMAN, RANDALL HESS AND WELLS COLLEGE, DEFENDANTS-RESPONDENTS. 






SCOLARO FETTER GRIZANTI & MCGOUGH, P.C., SYRACUSE (CHAIM J. JAFFE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (JOHN H. CALLAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT WELLS COLLEGE. 


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered October 13, 2017. The judgment, among other things, dismissed the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this action for trespass arising out of defendants' use of certain real property allegedly owned by plaintiff, plaintiff appeals from a judgment that, inter alia, granted that part of the motion of Wells College (defendant) for summary judgment on its first counterclaim and declared it to be the fee owner of the properties in question. The judgment further granted that part of defendant's motion, joined by the individual defendants, for summary judgment dismissing the amended complaint and denied plaintiff's motion for, inter alia, summary judgment and to dismiss defendants' affirmative defenses.
We conclude that Supreme Court properly granted defendant summary judgment declaring that it is the fee owner of the contested properties. In support of its motion for summary judgment on its counterclaim, defendant submitted, inter alia, several deeds relevant to determining the fee ownership of the subject properties, including the deed of October 31, 1878 (original railroad deed), which establishes the nature of plaintiff's interest in the subject properties in relation to defendant. By that deed, defendant's predecessor in interest granted plaintiff's predecessor in interest, a railroad company, "the right of way for railroad purposes with a single track as the same is now laid and used . . . , together with ample room for all necessary repairs of the same."
Plaintiff contends that the original railroad deed gave her predecessor in interest fee title to the properties in light of the general presumption that railroad companies acquire fee title to the land "for the construction and operation of [a] railroad" (Yates v Van De Bogert, 56 NY 526, 530 [1874]) and the fact that "[t]he words right of way' as applied to the land occupied by a railroad line do not necessarily signify that the railroad only has a railroad easement" (Corning v Lehigh Val. R.R. Co., 14 AD2d 156, 164 [4th Dept 1961]). Based on our interpretation of the specific limiting language contained in the deed, however (see Real Property Law § 240 [3]; Margetin v Jewett, 78 AD3d 1486, 1488 [4th Dept 2010]; Allen v Cross, 64 AD2d 288, 291 [4th Dept 1978]), we conclude that the original railroad deed conveyed to plaintiff's predecessor in interest only a right of way easement in the subject properties, leaving defendant, as the successor to the grantor of the original railroad deed, with the fee interest in the properties (cf. Corning, 14 AD2d at 164-165). The relevant language in the deed limited the conveyance by describing a right of way only for the railroad track already in existence and sufficient to allow for all necessary repairs on that same track. Such language would have been unnecessary surplusage if [*2]the original railroad deed intended to convey a fee simple interest to plaintiff's predecessor.
We further conclude that plaintiff did not submit evidence sufficient to raise a material issue of fact in opposition to defendant's showing that it owned the subject properties (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In light of our determination, plaintiff's motion to dismiss defendants' affirmative defenses is moot (see Padgett v State of New York, 163 AD2d 914, 915 [4th Dept 1990], lv denied 76 NY2d 711 [1990]).
We have considered plaintiff's remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court