BPGS Land Holdings, LLC v Flower (2021 NY Slip Op 05413)





BPGS Land Holdings, LLC v Flower


2021 NY Slip Op 05413


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


616 CA 21-00013

[*1]BPGS LAND HOLDINGS, LLC, AND BPGS FACILITIES, INC., PLAINTIFFS-APPELLANTS,
v
ELIZABETH S. FLOWER, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






SELLSTROM LAW FIRM, LLP, JAMESTOWN (STEPHEN E. SELLSTROM OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
WRIGHT WRIGHT AND HAMPTON, JAMESTOWN (JOSEPH M. CALIMERI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered July 23, 2020. The order, among other things, granted the motion of defendant Elizabeth S. Flower to dismiss the first cause of action, declared that defendant Elizabeth S. Flower has a limited ownership interest in a gas lease and denied in part the cross motion of plaintiffs for, inter alia, partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion, reinstating the first cause of action against defendant Elizabeth S. Flower, and vacating the declaration that she has an ownership interest in the gas lease limited to the Residential Gas rights, and the cross motion insofar as it seeks a declaration is granted to the extent that:
It is ADJUDGED and DECLARED that plaintiff BPGS Land Holdings, LLC is the sole owner of any and all rights and interests in and to the subject oil and gas lease as lessor, including the right to free gas as specified in the lease
and as modified, the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, in their first cause of action, a declaration that plaintiff BPGS Land Holdings, LLC (Holdings), the owner of real property known as the Bemus Point Golf Course Property (Golf Course Property), is the sole owner of all oil, gas, and mineral rights arising from an oil and gas lease (Lease) entered into by Marshall Gordon, the original owner of the property. Elizabeth S. Flower (defendant) moved to dismiss the first cause of action against her on the basis of documentary evidence purportedly showing that she acquired certain "free gas" rights under the Lease through her father, Frank A. Flower, who purchased the Golf Course Property from Gordon. Plaintiffs cross-moved for, among other things, partial summary judgment on the issue of the ownership of the gas, oil, and mineral rights under the Lease. Plaintiffs now appeal from an order that granted the motion, declared that defendant had an ownership interest in the free gas rights, and granted in part and denied in part the cross motion, determining, inter alia that, aside from the free gas rights, ownership of the oil, gas, and mineral rights under the Lease resided in Holdings. We agree with plaintiffs that Supreme Court erred in concluding that defendant has an ownership interest in the free gas rights as specified in the Lease.
Pursuant to the terms of the Lease, Gordon, as lessor, was entitled to receive royalties on the sale of oil, gas, or other petroleum products taken from the premises and he was also entitled to an allowance of free gas from any well drilled on the premises. In the deed conveying the Golf [*2]Course Property to Frank Flower in 1984, Gordon assigned to Flower a share of the royalties and also "quit claim[ed]" to Flower his right to obtain the " 'free gas.' "
Flower conveyed the Golf Course Property to Bemus Point Golf Club, Inc. in 1995 and in 2006 filed a corrected deed for that conveyance "[r]eserving unto [himself] mineral, oil and/or gas rights contained in the contract for sale of real property . . . Said reservation to [Flower] to expire on December 26, 2015." The referenced contract of sale, dated October 23, 1995, reserved to Flower "the right to all oil, gas and other mineral rights on said premises" (emphasis added) for a period of 20 years.
In 2017, Bemus Point Golf Club, Inc. conveyed the Golf Course Property to Holdings, together "with the appurtenances and all the estate and rights of [Bemus Point Golf Club, Inc.] in and to the said premises."
Plaintiffs contend that Holdings, as the fee owner of the Golf Course Property, acquired all rights to the oil, gas, and minerals under the Lease as lessor, including the free gas rights. Defendant, however, claims that, through the quitclaim to Flower, Gordon severed the free gas rights from the other rights set forth in the Lease and that Flower did not convey his free gas rights with the Golf Course Property in 1995. Defendant thus claims an ownership interest in the free gas rights pursuant to a 2019 assignment by Flower's estate of "all interests in and to [the Lease] . . . being specifically those leasehold rights conveyed to . . . Flower in [the 1984] deed from . . . Gordon . . . including, but not limited to, free gas."
The construction of deeds generally "presents a question of law for the court to decide" (Allen v Cross, 64 AD2d 288, 291 [4th Dept 1978]; see Elwell v Shumaker, 158 AD3d 1133, 1134 [4th Dept 2018]), and deeds must be "construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]). "The 'intent' to which [section 240 (3)] refers is the objective intent of the parties as manifested by the language of the deed" (Margetin v Jewett, 78 AD3d 1486, 1488 [4th Dept 2010]). "[A] court will only look outside the four corners of the deed to establish the intent of the parties when . . . that instrument is found to be ambiguous" (Pepe v Antlers of Raquette Lake, Inc., 87 AD3d 785, 787 [3d Dept 2011]; see Margetin, 78 AD3d at 1488).
In this case, pursuant to the unambiguous language of the corrected deed and the contract of sale referenced therein, Flower transferred "all" of his oil, gas, and mineral rights in the premises when he conveyed the Golf Course Property to Bemus Point Golf Club, Inc. Flower's transfer was subject only to the 20-year reservation, which expired in 2015. It is a fundamental principle of deed construction that "[w]hen words have a definite and precise meaning, it is not permissible to go elsewhere in search of conjecture in order to restrict or extend the meaning" (Uihlein v Matthews, 172 NY 154, 159 [1902]; see Margetin, 78 AD3d at 1488). We conclude that, in determining that Flower intended to transfer to Bemus Point Golf Club, Inc. only his right to receive royalties while retaining his right to receive free gas, the court improperly restricted the meaning of the plain language of the corrected deed, particularly the word "all."
Based on the foregoing, when Flower's reservation period ended in 2015, Bemus Point Golf Club, Inc. obtained all of his rights to the oil, gas, and minerals on the Golf Course Property, including the free gas rights. When the Golf Course Property was subsequently conveyed to Holdings in 2017, Holdings obtained those rights (see Real Property Law § 255; Patouillet v State of New York, 39 AD2d 1012, 1012-1013 [4th Dept 1972]; see also 54-48 Catalpa Realty Corp. v S & S Med. Assoc., P.C., 185 AD3d 877, 878 [2d Dept 2020]). Conversely, because Flower no longer possessed the right to free gas once the reservation expired in 2015, his estate's purported transfer of that right to defendant in 2019 was ineffective (see generally Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of the Midwest, Inc., 160 AD3d 1442, 1444 [4th Dept 2018], lv denied 32 NY3d 907 [2018]). The court thus erred in granting the motion and declaring that defendant had an ownership interest in the free gas rights under the Lease, and it erred in determining on the cross motion that Holdings' ownership of the oil, gas, and mineral rights under the Lease did not include the free gas rights. We therefore modify the order accordingly.
In light of our determination, we need not address plaintiffs' remaining contentions.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court