Bikes by Olga, LLC v People of the State of New York (2025 NY Slip Op 01076)

Bikes by Olga, LLC v People of the State of New York

2025 NY Slip Op 01076

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-02859
 (Index No. 506816/21)

[*1]Bikes by Olga, LLC, respondent, 
v
People of the State of New York, et al., defendants, City of New York, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for appellants.
Bond, Schoeneck & King PLLC, New York, NY (Mark A. Berman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendants City of New York, New York City Department of Transportation, NYCTL 2018-A Trust, NYCTL 2017-A Trust, NYCTL 2016-A Trust, and NYCTL 1998-2 Trust appeal from a judgment of the Supreme Court, Kings County (Leon Ruchelsman, J.), entered March 15, 2022. The judgment, insofar as appealed from, upon an order of the same court dated October 18, 2021, inter alia, granting the plaintiff's motion for summary judgment declaring that it holds title to the subject property and that it has exclusive rights to the possession, use, and enjoyment of the subject property to the exclusion of all others, declared that the plaintiff has exclusive rights to the possession, use, and enjoyment of the subject property to the exclusion of all others.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring that it has exclusive rights to the possession, use, and enjoyment of the subject property to the exclusion of all others is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, declaring that the plaintiff's rights in and to the subject property are subject to a recorded easement for maintenance of the Williamsburg Bridge.
In 1992, the State of New York purportedly acquired certain real property located beneath the Williamsburg Bridge in Brooklyn (hereinafter the property) by eminent domain for the benefit of the defendant City of New York. However, the notice of appropriation was recorded against a different and unrelated property, and the City continued to charge property taxes against the prior owners, who did not pay them. In May 2019, the plaintiff purchased the property at a tax lien foreclosure sale. The judgment of foreclosure and sale directed, and the terms of sale reflected, that the property was to be sold "subject to . . . any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record."
After the State recorded a corrected notice of appropriation against the property on December 24, 2020, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 [*2]to quiet title to the property against, among others, the City and the defendant New York City Department of Transportation (hereinafter together the City defendants). The plaintiff thereafter moved for summary judgment declaring that it holds title to the property and that it has exclusive rights to the possession, use, and enjoyment of the property to the exclusion of all others. The City defendants cross-moved, among other things, for summary judgment, in effect, with respect to the declaratory relief sought by the plaintiff. In an order dated October 18, 2021, the Supreme Court, inter alia, granted the plaintiff's motion and denied the City defendants' cross-motion. The plaintiff submitted a proposed judgment to the court, which, among other things, declared that the plaintiff is the lawful owner of the property and that it has exclusive rights to the possession, use, and enjoyment of the property to the exclusion of all others. The City defendants submitted a counter—proposed judgment, which declared that the plaintiff acquired title to the property subject to a recorded easement for maintenance of the Williamsburg Bridge, as reflected in prior deeds conveying the property dated July 12, 1983, and February 11, 1987. The court signed the plaintiff's proposed judgment, which was entered on March 15, 2022, and rejected the counter—proposed judgment. The City defendants and the defendants NYCTL 2018-A Trust, NYCTL 2017-A Trust, NYCTL 2016-A Trust, and NYCTL 1998-2 Trust appeal.
The Supreme Court should not have entered a judgment declaring that the plaintiff has exclusive rights to the possession, use, and enjoyment of the property to the exclusion of all others, since the plaintiff failed to establish that the property was conveyed to it free of the easement appurtenant for maintenance of the Williamsburg Bridge. "An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate" (Panday v Allen, 187 AD3d 775, 777 [internal quotation marks omitted]). "Once created, the easement runs with the land and can only be extinguished by abandonment, conveyance, condemnation, or adverse possession" (Djoganopoulos v Polkes, 95 AD3d 933, 935).
Here, the record reveals that the City first conveyed the property to Joshua Guttman by deed dated July 12, 1983, which was recorded. That deed noted that the property was subject to an easement for maintenance of the Williamsburg Bridge. By deed dated February 11, 1987, which was recorded, Guttman conveyed the property to Berry-Bridge Corp. subject to the easement for maintenance of the Williamsburg Bridge. In May 2019, the plaintiff purchased the property at a tax lien foreclosure sale, and the property was conveyed to the plaintiff by a referee's deed dated June 3, 2019. Notably, the referee's deed did not reference the easement or otherwise state that the property was encumbered by the easement. However, in a judgment of foreclosure and sale dated January 31, 2019, the Supreme Court "define[d] the scope of the reference and delineate[d] the Referee's powers and duties thereunder" (Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1763; see CPLR 4311) by directing the referee to convey the property "subject to . . . any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record." In addition, the terms of sale of the property at the tax lien foreclosure sale stated that the property was "being sold subject to . . . [c]ovenants, restrictions, easements, declarations, reservations, rights of way, and public utility agreements of record, if any." Thus, because the easement for maintenance of the Williamsburg Bridge set forth in the recorded deeds dated July 12, 1983, and February 11, 1987, was "of record," the referee did not have the authority to convey the property to the plaintiff without the property being subject to that easement, and the plaintiff was thus on notice that the property was sold subject to that easement. Moreover, because "[o]wners of a servient estate are bound by constructive or inquiry notice of easements which appear in deeds or other instruments of conveyance in their property's direct chain of title" (Djoganopoulos v Polkes, 95 AD3d at 935), the plaintiff had notice of the easement given that it was stated in the two deeds of record immediately prior to the referee's deed (see Akasa Holdings, LLC v 214 Lafayette House LLC, 177 AD3d 103, 120; Djoganopoulos v Polkes, 95 AD3d at 935). Accordingly, under these circumstances, the plaintiff failed to establish that the property was conveyed to it free of the easement appurtenant for maintenance of the Williamsburg Bridge.
Contrary to the plaintiff's contention, the City defendants did not waive their contention regarding the inclusion of the easement in the judgment, since the plaintiff was not surprised or prejudiced by the City defendants' contentions raised in their cross-motion papers, and [*3]the plaintiff was given a full and fair opportunity to respond (see CPLR 3018[b]; Freed v Best, 175 AD3d 1496, 1497; Hanspal v Washington Mut. Bank, 153 AD3d 1329, 1331).
Accordingly, we reverse the judgment insofar as appealed from and remit the matter to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, declaring that the plaintiff's rights in and to the property are subject to the recorded easement for maintenance of the Williamsburg Bridge.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court