Dewan v Schoembs (2025 NY Slip Op 51755(U))

[*1]

Dewan v Schoembs

2025 NY Slip Op 51755(U)

Decided on November 4, 2025

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 4, 2025
Supreme Court, Warren County

James Philip Dewan, Jr. and Allison Jean Dewan, Laura Jean Coppola, Nancy Elena Coppola, Steven David Coppola, Nicholas Sabatini and Renee Sabatini, Plaintiffs,

against
Ross A. Schoembs, Mary K. Schoembs and Eric R. Schoembs, as Trustee of the Ross and Mary K. Schoembs Family Trust, Defendants.

Index No. EF2022-70207

McPhillips, Fitzgerald & Cullum, Glens Falls (James E. Cullum and Matthew T. Skinner, of counsel) for plaintiffs
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Brian Reichenbach, of counsel) for defendants.

Robert J. Muller, J.

Plaintiffs and defendants are the owners of neighboring parcels in the Town of Horicon, Warren County, New York. Defendants' parcel contains 112 feet of shoreline on Schroon Lake. Plaintiffs each own property across East Shore Drive from defendants and claim a right-of-way across defendants' property for access to the lake. It is undisputed that Fred C. Hall and Mary E. Hall (collectively referred to as "Hall") owned these parcels, then developed a subdivision and between 1922 and 1925 the subject parcels were sold by Hall.
Plaintiffs James Dewan and Allison Dewan (collectively referred to as "Dewan") purchased the property located at 206 East Shore Drive in 2019. Plaintiffs Laura Coppola, Nancy Coppola and Steven Coppola (collectively referred to as "Coppola") purchased property located at 214 East Shore Drive in 2000. Plaintiffs Nicholas Sabatini and Renee Sabatini (collectively referred to as "Sabatini") purchased property located at 204 East Shore Drive in 2006. Also in 2006, defendants Ross Schoembs and Mary Schoembs purchased waterfront property located at 213 East Shore Drive which they later transferred to their son, Eric Schoembs as Trustee of the Ross and Mary K. Schoembs Family Trust (collectively referred to as "Schoembs").
Plaintiffs commenced this action on May 25, 2022, seeking a judgment declaring that they have an easement across the northeasterly 10-foot portion of defendants' land and docking [*2]rights at the end of the easement.[FN1]
The complaint seeks this determination pursuant to Article 15 of the Real Property Actions & Proceedings Law (RPAPL), or, in the alternative, by prescriptive easement.
Defendants assert three counterclaims seeking to quiet title and determine the title, rights and interest of the parties and a declaratory judgment pursuant to Article 15 of the RPAPL that plaintiffs Coppola and Sabatini have neither a pedestrian right of way nor docking rights over defendants' property, and that Dewan has a pedestrian right of way, but no docking rights.
Presently before the Court are defendants' motion for summary judgment on their counterclaims and plaintiffs cross-motion for summary judgment (Mot. Seq. # 2). Defendants also move for permission to file a late affirmation of Linda Watson in support of their motion for summary judgment and opposition to plaintiffs' cross motion (Mot. Seq. #3). Plaintiffs oppose this motion.
Preliminarily, defendants' motion for leave to file the affirmation of Linda Watson is granted. Plaintiffs filed their papers in support of its motion on October 4, 2024 and it was noticed to be heard on October 16, 2024. Any reply from defendants was to be served by October 15, 2024 but they did not seek to submit the affirmation until May 2, 2025.
While a court, in its discretion, can accept late papers, CPLR §§2214 and 2004, mandate that a delinquent party offer a valid excuse for the delay before being allowed to submit them (Thermo Spas v Red Ball Spas & Baths, 199 AD2d 605, 605 [3d Dept 1993]). Here, the excuse offered by defendants is, "difficult[y] obtaining opportunities to discuss the facts and to understand the confusing interrelationships among the neighboring homeowners and parcels. In addition, Ms. Watson has a busy schedule of caring for pet dogs including frequent trips to Long Island to a particular veterinarian and fewer trips to Schroon Lake during the winter months." (NYSCEF Doc. No. 82, ¶10) While not overly compelling, oral argument was not heard until May 27, 2025 and plaintiffs had the opportunity to address the submission at that time. The delay did not cause plaintiffs prejudice and public policy favors resolving disputes on the merits. (Kostun v Gower, 61 AD3d 1307 [3d Dept 2009])
Next, as movant, defendants bear the initial burden of establishing their entitlement to summary judgment as a matter of law by presenting sufficient evidence, in admissible form, to eliminate any material issues of fact from the case (see Alvarez v. Prospect Hosp., 68 NY2d 320, 324 [1986]). In this regard, "conclusory assertions are insufficient to demonstrate the absence of any material issues of fact" (Ayotte v. Gervasio, 81 NY2d 1062, 1063 [1993]), and the failure to make the initial prima facie showing requires the denial of the motion, "regardless of the sufficiency of the opposing papers" (Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The Court's "function on a summary judgment motion is to view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, and determine whether there is any triable issue of fact outstanding." (Boyce v Vacquez, 249 AD2d 724, 726, 671 NYS2d 815, 818 (3d Dept 1998). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v. Prospect [*3]Hosp., 68 NY2d at 324 [internal citation omitted]).
In the context of determining the rights conveyed through a deed, it is a "well-settled rule that the construction of a deed, including any easements set forth therein, is generally a question of law for the court." (Spencer v Connolly, 25 AD3d 832, 834, 808 NYS2d 789, 791 [3d Dept 2006] [citing Montfort v Benedict, 199 Ad2d 923, 925-926, 605 NYS2d 548, 550 [3d Dept 1993]). Moreover, "[a] deed must be construed according to the intent of the parties and . . . a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed" (Town of Fowler v Parow, 144 AD3d 1444, 1447, 42 NYS3d 416 [2016] [internal quotation marks and citations omitted]; see Real Property Law § 240 [3]; Lewis v Young, 92 NY2d 443, 449, 705 NE2d 649, 682 NYS2d 657 [1998]; Andersen v Mazza, 258 AD2d 726, 727, 684 NYS2d 687 [1999]). The relevant intent "is the objective intent of the parties as manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (Margetin v Jewett, 78 AD3d 1486, 1488, 912 NYS2d 356 [2010]; see Accurate Realty, LLC v Donadio, 80 AD3d 1041, 1041, 915 NYS2d 394 [2011], lv dismissed 17 NY3d 844 [2011], lv denied 21 NY3d 858 [2013]). "Whether the language of [a deed] is ambiguous is a question for the court to decide as a matter of law," and "all of the provisions of an agreement creating an easement must be taken into consideration in determining the nature and extent of the creation" (Cannon v Hampton, 198 AD3d 1230, 1231-1232 [3d Dept 2021] citations omitted).
Defendants' Motion for Summary Judgment
In support of their motion defendants have submitted the Affirmation of Brian Reichenbach, Esq., (NYSCEF Doc. No.13), Affirmation of Ross Schoembs (NYSCEF Doc. No. 20), and Affirmation of Linda Watson (NYSCEF Doc. No. 83) along with supporting exhibits.[FN2]

It is undisputed with regard to the respective chains of title that between 1922 and 1925 the Hall property, as relevant here, was subdivided into three parcels and transferred from Hall to Rankin in 1922 (NYSCEF Doc. No. 32) which property was eventually subdivided in 1967 into two parcels now owned by Dewan and Sabatini; from Hall to Robbins in 1923 (NYSCEF Doc. No. 22—now owned by Schoembs); and from Hall to VanVorst no later than 1925 (NYSCEF Doc. No. 27—now owned by Coppola).
The November 28, 1922 Hall to Rankin deed (now Dewan and Sabatini) expressly granted a right of way across Hall's servient property (now Schoembs) by the following language:
"There is also granted to the said party of the second part, his grantees and assigns of said premises, a right of way for pedestrians over the northeasterly ten (10) feet of Lot No. 10 on said map, and along and adjoining the southwesterly line of Lot No.11 on said Map, said right of way to extend from the public highway shown on said map to the shores of Schroon Lake." (hereinafter "pedestrian right of way") (see NYSCEF Doc. Nos. 32, 52)
The June 28, 1923 Hall to Robbins deed conveyed the servient parcel (now Schoembs) and contains an exception and reservation from the same right of way which had been granted to Rankin (above). (see NSYCEF Doc. Nos. 22, 53) This deed states:
"There is hereby reserved a right of way for pedestrians over and upon the Northeasterly ten (10) feet and along the Southwesterly line of Lot No. 11 as shown on said Map, said right of way to extend from the public highway as shown on said map to the shores of Schroon Lake." (NYSCEF Doc. Nos. 22, 53)
An easement appurtenant, is, as here, "created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Stone v Donlon, 156 AD3d 1308, 1309, 69 NYS3d 115 [2017], lv dismissed 31 NY3d 1109, 80 NYS3d 210, 105 NE3d 349 [2018], lv denied 33 NY3d 903, 100 NYS3d 706, 124 NE3d 256 [2019]; accord Biles v Whisher, 160 AD3d 1159, 1160, 75 NYS3d 301 [2018]; see Niceforo v Haeussler, 276 AD2d 949, 950, 714 NYS2d 788 [2000] as cited in Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138 [3d Dept 2021]). Accordingly, the reserved right of way in the Hall to Robbins deed thus became appurtenant to the remaining parcels owned by Hall.
On August 1, 1925 a correction deed from Hall to Rankin (now Dewan and Sabatini) purports to correct the metes and bounds description of the parcel but said deed does not include the pedestrian right of way. The deed states in part:
"[t]his description supersedes the description given in a previous deed by the parties of the first part to the parts of the second part and on file in the office of the County Clerk of Warren County. New York. Together with the appurtenances and all the estate and rights of the parties of the first part in and to said premises." (NYSCEF Doc. Nos. 33)[FN3]
Although not included in defendants moving papers, or acknowledged by defendants, on September 15, 1925 a second correction deed from Hall to Rankin was filed which, again, expressly conveyed the pedestrian right of way. (NYSCEF Doc. No. 55) Each of the subsequent conveyances of both the Dewan and Sabatini parcels include the pedestrian right of way. 
Defendant contends that because the August 1, 1925 deed did not expressly include the pedestrian right of way, it was extinguished. This claim is without merit. "It is well established that, once created, an easement appurtenant runs with the land and 'passes to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed'" (Djoganopoulos v Polkes, 95 AD3d 933, 935, 944 NYS2d 217 [2012]; accord Akasa Holdings, LLC v 214 Lafayette House LLC, 177 AD3d 103, 118, 109 NYS3d 17 [2019]; see Webster v Ragona, 7 AD3d 850, 854, 776 NYS2d 347 [2004]; as cited in Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138-1139 [3d Dept 2021]). Moreover, the subsequent subdivision of a dominant property (Rankin - now Sabatini and Dewan) does not alter this conclusion. (id.) 
The Schoembs' servient parcel was deeded from Robbins to Reid (1929) to Ruth M. Loeb (1946) and then to Dr. Laurence Loeb (1974) (NYSCEF Doc. No. 23) Each of these deeds contained the exception and reservation of the pedestrian right of way.
On October 23, 2000, Loeb, as owner of the already servient parcel (now Schoembs), deeded the same easement to Sableski (now Dewan) to clarify what the easement entailed:
"[a] non-exclusive easement and right-of-way for pedestrians over the northerly ten (10) feet of Lot No. 10 of a tract of land known and designated as 'Mr. F. C. Halls lots on the east side of Schroon Lake' in the Town of Horicon, Warren County, New York, which map is on file in the office of the Clerk of the County of Warren. Said right-of-way to extend from the public highway shown on said map to the shores of Schroon Lake; said right-of-way is a non-exclusive grant and includes the non-exclusive right to dock a boat on the shore of Schroon Lake and the non-exclusive right to maintain a dock for the purpose of docking said boat" (NYSCEF Doc. No. 24)
That same day, Loeb conveyed the servient parcel to Korbel, and that deed contained specific reference to the Loeb to Sableski deed and easement above. (NYSCEF Doc. No. 25, pg. 8) The Korbel deed stated:
"EXCEPTING AND RESERVING a ten foot right of way for pedestrians along the northeasterly boundary of Lot B as shown on the filed subdivision map by James Nestor, Licensed Land Surveyor, and as subsequently clarified in a deed from [Loeb] to [Sableski] and being more particularly described in a deed from [Loeb] to [Sableski] dated October 23, 2000 and being recorded simultaneously herewith." (NYSCEF Do. No. 25, pg. 3)
Defendants categorize this deed conveying pedestrian and dock rights to Sableski—recorded immediately preceding the deed from Loeb to Korbel—as a "recording sleight of hand". (NYSCEF Doc. No. 19, pg. 8) Defendants surmise that there is no way Korbel could have known the property he was buying would be significantly burdened by the neighbors right to maintain a dock and keep a boat there. (id.)
The property was then conveyed to Ross and Mary Schoembs in 2006 and that deed included the same "EXCEPTING AND RESERVING" language as that in the Loeb to Korbel deed quoted above. (NYSCEF Doc. No. 25)[FN4]
Ross Schoembs affirms that "Korbel then conveyed the property to my wife and me via deed that made reference to the pedestrian access rights of others but no mention of any rights of others to maintain a dock or berth a boat." (NYSCEF Doc. No. 20, ¶8) Defendants contend no reasonable reading of the language in the Loeb to Korbel or Korbel to Schoembs deed could lead a third party to conclude that it included dock rights. (NYSCEF Doc. NO. 19, pg. 12) The Court disagrees.
It is well settled that "[a] grantee of land takes title subject to duly recorded easements that have been granted by his or her predecessors-in-title." (Gale v Town of Wilton, 200 AD3d 1168, 1170 (3d Dept 2019) (quoting Rensselaer Polytechnic Inst. v Schubert, 170,AD3d 1307, 1312 [3d Dept 2019]). It is undisputed and the record discloses each of the deeds referenced herein were recorded in the Warren County Clerk's Office. Additionally, the 2000 Loeb to Korbel deed included the language, "as subsequently clarified in a deed from [Loeb] to [Sableski] and being more particularly described in a deed from [Loeb] to [Sableski] dated [*4]October 23, 2000 and being recorded simultaneously herewith" is included in every deed subsequent to Sableski. Therefore, everyone in Loeb's chain of title including Korbel and Schoembs were on record notice of the pedestrian and docking rights on their property. (id.)
Under the circumstances, the Court finds that defendants have failed to meet their prima facie burden of establishing their entitlement to summary judgment with respect to limiting the easement benefiting Dewan's property to a pedestrian right of way and eliminating the easement altogether which benefits the Sabatini property. As such, the Court need not consider their opposition to this aspect of the motion. (see Vogler v Perrault, 149 AD3d 1298, 1299 [2017]; Batzin v Ferrone, 140 AD3d 1102, 1104[2016]).
Defendants next contend the Coppola property has neither a pedestrian right of way nor the right to dock a boat. Ross Schoembs' affirmation states that, "[t]he Coppola parcel was conveyed from [Hall] by deed dated August 1, 1925 to [VanVorst]. The deed did not include any language regarding a pedestrian right of way." (NYSCEF Doc. No. 20, ¶11). Schoembs continues, "[b]y deed dated May 31, 1946 [VanVorst] then conveyed the Coppola property to William Venon. That deed purported to include the pedestrian right of way. However, at the time [VanVorst] conveyed the property to William Vernon the dominant parcel [now Coppola] and servient parcel [now Schoembs] had different owner[s] [] and VanVorst did not own any right to the pedestrian access as it was not included in his source deed." (id. ¶12)
The record reveals the Hall to VanVorst deed dated August 1, 1925, is strikingly similar to the corrective deed from Hall to Rankin discussed above. The VanVorst deed also references a prior deed between the parties and claims to supersede that deed as to the description of the property only. (NYSCEF Doc. No. 27) This deed also contains the language, "[t]ogether with the appurtenances and all the estate and rights of the parties of the first part in and to said premises." (id.) Defendants do not acknowledge or address this reference to a prior deed despite having commissioned a title search be performed by Mountain Abstract. (NYSCEF Doc. No. 20, ¶1) As a result, the Court is left with a question of fact regarding the existence and effect of that prior conveyance.[FN5]

The Court therefore finds that defendants have failed to satisfy its prima facie burden of establishing its entitlement to summary judgment with respect to the Coppola property. Accordingly, it is not necessary to consider Coppola's opposition to this aspect of the motion. (See Vogler, 149 AD3d at 1299; Batzin, 140 AD3d at 1104).
Based upon the foregoing, defendants' motion for summary judgment is denied in its entirety.
Plaintiffs' Cross Motion for Summary Judgment
With defendants having failed to establish entitlement to summary judgment, the Court now turns to plaintiffs' cross motion for summary judgment. Plaintiffs assert through either an express grant or statutory construction of their deed, each has a right of way over defendants' property. In support of the cross motion, plaintiffs submit the Affirmation of Laura Jean Coppola, Affirmation of James E. Cullum, Esq., Affirmation of James Philip Dewan, Jr., Affirmation of Karen E. Morphis—Title Abstractor retained by attorneys for the plaintiffs, [*5]Affirmation of Nicholas Sabatini, Affirmation of Renee Sabatini, Affirmation of Robert A. VanVorst, along with supporting exhibits.
Plaintiffs assert the 1922 Hall to Rankin deed expressly included the pedestrian right of way, which was later divided into dominant parcels of Dewan and Sabatini. (Morphis Affirmation, NYSCEF Doc. No. 46, ¶7[a]) When Hall reserved and excepted the same right of way in the 1923 Hall to Robbins (now Schoembs) deed, the reserved right of way became appurtenant to the remaining parcels owned by Hall. (id. at ¶7[c])
Plaintiffs acknowledge the August 1925 Hall to Rankin deed did not include the right of way but contend it simply corrected the metes and bounds description. However, since it included the language "the appurtenances and all of the estate and rights of the parties of the first and to said premises", the right of way was an appurtenance to the property being conveyed to Rankin (now Dewan and Sabatini) by this deed (id. at ¶7[d]). Plaintiffs' further assert that while not needed to transfer the already transferred appurtenant right of way, another Hall to Rankin deed dated September 15, 1925, again expressly conveyed the subject right of way. (id. at ¶7[e]).
As noted above, the Court agrees. Once created, an easement appurtenant runs with the land and passes through the appurtenance clause to subsequent owners (see Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138 [3d Dept 2021]). Plaintiff has met its prima facie burden of demonstrating an express right of way was granted to Dewan and Sabatini.
Turning now to the Coppola property whose chain of title appears to be missing an early deed from Hall to VanVorst (now Coppola). Plaintiffs submit the August 1, 1925 Hall to VanVorst deed which does not contain the right of way but states that the description contained therein "supersedes the description given in a previous deed" from and to the same parties and on file in the Clerk's office. (NYSCEF Doc. Nos. 46 at ¶8[b]; and 61) Similar to the August 1, 1925 Hall to Rankin deed, this deed also contains the "appurtenances and all of the estate and rights of the parties of the first part in and to said premises". (id.)
The plaintiffs also submit for the Courts consideration the subsequent September 15, 1925 Hall to VanVorst deed which contains the express right of way as follows:
"[a]ll the following right and privileges, viz: A right of way for pedestrians over the ten (10) feet of Lot No. 10, of a tract of land known and designated as "Mr. F.C. Hall's Lots on the east side of Schroon Lake in the Town of Horicon, County of Warren and State of New York, Map #2" which map is on file in the office of the Clerk of the County of Warrens, said right of way to extend from public highway shown on said map to the shores of Schroon Lake." (NYSCEF Doc. No. 63)
Plaintiff's Title Abstractor determined: "[i]n 1925, at the time of the above deed to VanVorst, I found that Hall was the owner of the VanVorst (Coppola) parcel as dominant property to which the right of way reserved from the 1923 conveyance to Robbins [ ] was appurtenant. Therefore, in 1925 Hall was entitled to convey this dominant parcel and the appurtenant right of way to VanVorst by both the August 1st and September 15th deeds." (id. at ¶8[d]) Moreover, the May 30, 1925 survey map refers to the property as the "VanVorst" lot further demonstrating a prior conveyance from Hall to VanVorst (NYSCEF Doc. No. 62) and both the August 1st and September 15th deeds reference the May 30, 1925 survey map.
"[A] deed must be construed according to the intent of the parties and . . . a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed" [*6](Town of Fowler v Parow, 144 AD3d 1444, 1447, 42 NYS3d 416 [2016] [internal quotation marks and citations omitted]; see Real Property Law § 240 [3]; Lewis v Young, 92 NY2d 443, 449, 705 NE2d 649, 682 NYS2d 657 [1998]; Andersen v Mazza, 258 AD2d 726, 727, 684 NYS2d 687 [1999]). The relevant intent "is the objective intent of the parties as manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (Margetin v Jewett, 78 AD3d 1486, 1488, 912 NYS2d 356 [2010]; see Accurate Realty, LLC v Donadio, 80 AD3d 1041, 1041, 915 NYS2d 394 [2011], lv dismissed 17 NY3d 844 [2011], lv denied 21 NY3d 858 [2013]). "Whether the language of [a deed] is ambiguous is a question for the court to decide as a matter of law," and "all of the provisions of an agreement creating an easement must be taken into consideration in determining the nature and extent of the creation" (Kallen v Feldi, 192 AD2d 1015, 1017, 596 NYS2d 918 [1993] [internal quotation marks and citations omitted]; see Accurate Realty, LLC v Donadio, 80 AD3d at 1041-1042). Here, plaintiffs have met their burden of establishing that Hall conveyed to VanVorst (now Coppola) the pedestrian right of way in the 1925 deeds. 
The burden then shifts to defendant to raise a material issue of fact. Defendants do not acknowledge the September 15, 1925 Hall to VanVorst deed which expressly contains the right of way, but instead claim, "[t]he [August] 1925 deed from the Halls to Van Vorst is completely devoid of any grant of a pedestrian right of way []. Even though the 1946 [d]eed from VanVorst to Vernon purports to grant such pedestrian right of way, Clarence Van Vorst did not own the servient (Schoembs) property at this time and could not grant an effective right of way across the Schoembs property." (NYSCEF Doc. Nos. 19, 20) This would be true but for the September 1925 deed. Accordingly, defendant has failed to raise a material issue of fact.
Plaintiffs having established the existence of an express right of way across defendants' servient property, the Court now turns to whether that express right of way permits plaintiffs to maintain and use the dock at the end of the easement.
In 2000, when Loeb clarified the extent of the right of way he encumbered his own property (now Schoembs) when he expressly granted Sableski (now Dewan) an easement to maintain and use a dock at the end of the right of way. (NYSCEF Doc. No. 56) This duly recorded express easement, or reference to it, was contained in the Derr to Dewan deed (NYSCEF Doc. No. 60) Accordingly, Dewan has been granted an express right to dock a boat.
Furthermore, it is not disputed that after Loeb executed the deed to Sableski which clarified that the easement included the "right to maintain a dock for the purpose of docking said boat", with the exception of the Sabatini chain of title, the subsequent deeds of the now Schoembs and Coppola parcels each contain either similar language or reference the Loeb to Sableski deed. (See NYSCEF Doc. Nos. 59 [Korbel to Schoembs deed]; 26 [2000 Veteramo to Coppola deed]). However, the Court need not address the legal effect of the inclusion of the language regarding the dock, because it has long been held that even though not expressly authorized, "[t]he installation of a dock at the end of an easement of this type 'is a reasonable use incidental to the purpose of the easement' and is therefore permissible" (Hush v Taylor, 84 AD3d 1532, 1535, 923 NYS2d 284 [2011], quoting Higgins v Douglas, 304 AD2d 1051, 1055, 758 NYS2d 702 [2003]).
Accordingly, plaintiffs have met their burden and established their right to use and maintain the dock at the end of the right of way. While the burden would then shift to defendants to raise a material issue of fact defendants' reply papers do not address this theory of relief. 
The remaining arguments of the parties are rendered moot by the Court's determinations.
Thus, having considered NYSCEF document numbers 13 through 34 and 37 through 90 and oral argument having been heard on May 27, 2025, with James E. Cullum, Esq. and Matthew T. Skinner appearing on behalf of plaintiffs and Brian Reichenbach, Esq. appearing on behalf of defendants, it is hereby
ORDERED that defendants' motion for summary judgment and dismissal of the complaint (Mot. Seq. #2) is denied; and it is further
ORDERED that the plaintiffs' cross motion for summary judgment granting the relief requested in the complaint and dismissing the counterclaim is granted; and it is further
ORDERED that defendants' motion for leave to file a late reply (Mot. Seq. #3) is granted; and it is further
ORDERED that any relief not specifically addressed has nonetheless been considered and is expressly denied.
The original of this Decision and Order has been e-filed by the Court. Counsel for plaintiffs is hereby directed to serve a copy of the Decision and Order with notice of entry in accordance with CPLR 5513.
Dated: November 4, 2025
Lake George, New York
ROBERT J. MULLER, J.S.C.

Footnotes

Footnote 1:The parties do not dispute the location or width of the easement.

Footnote 2:It is undisputed that all deeds attached as exhibits to plaintiffs' and defendants' motions were recorded in the Warren County Clerk's Office.

Footnote 3:The Court notes that many of the documents under consideration herein have been attached as exhibits to not only the motion, but also the cross motion. With that said, rather than listing every location of any given document, the Court will cite only its location in the motion or cross motion being addressed.

Footnote 4:When the property was conveyed from Ross and Mary Schoembs to Eric Schoembs as Trustee in 2015 the "EXCEPTING AND RESERVING" language was not included — although the deed contains the clause "[s]ubject to the enforceable restrictive covenants, conditions and easement of record now affecting said premises". (NYSCEF Doc. No. 21)

Footnote 5:Similar to the Hall to Rankin conveyance, defendants do not include or acknowledge that on September 15, 1925 a second correction deed from Hall to VanVorst was filed which expressly conveyed the pedestrian right of way to VanVorst. (NYSCEF Doc. No. 63)